HENSON *v.* BREEZE.

Opinion delivered May 14, 1917.

DEEDS—REAL PROPERTY—CONVEYANCE OF FEE—RULE IN SHELLY'S CASE.—Lands were deeded to one E. "and unto the heirs of her body," the deed also reciting, "and if the grantee E. shall die without children of her body living, or decendants of such children, then the said lands shall revert back and descend to such persons as the law casts the descent of property of persons dying without children or decendants of children." *Held,* to convey to E. the fee in the lands deeded.

Appeal from Logan Chancery Court, Northern District; *W. A. Falconer,* Chancellor; reversed.

*Jeptha H. Evans, Richard M. Mann, Sam T. Poe* and *Tom Poe,* for appellants.

1. The deed conveyed a life estate to Eudora Fort and the remainder in fee to her children. The injunction against waste should be permanent. Kirby's Digest, § 735; 72 Ark. 366; 44 *Id.* 459; 67 *Id.* 517; 98 *Id.* 570; 49 *Id.* 125; 75 *Id.* 19; 117 *Id.* 370.

2. A life tenant can not commit waste, or destroy the corpus of the estate by mining or removing minerals. 92 Ark. 260; 150 Ill. 560, 37 N. E. 999; 112 Iowa, 210, 83 N. W. 963; 240 Ill. 361, 88 N. E. 818; 30 A. & E. Enc. Law (2 ed.), 248; Comyn's Dig., D. 4; 5 Coke 12; 1 Taunt. 410; 2 Beav. 466; 3 How (U. S.) 120; 36 Mich. 105; 117 Mo. 414; 1 Washb. Real Prop., par. 280; 16 Cyc. 625.

3. It was error to allow the operation of the coal mine to continue. 95 Ark. 23; 5 Pom. Eq. Jur., par. 491-2; 16 Cyc. 658. The tenant must account for the receipts

from sale of the coal minus the reasonable expense of mining, and not merely the royalty. Thornton on Law of Oil & Gas, § 268; 43 W. Va. 562; 27 S. E. 411, 38 L. R. A. 694; 3 P. Wins., 268; 1 Cox Ch. Cas. 72; 29 Eng. Rep. 1068; 118 Pa. St. 42, 12 Atl. 313.

4. Appellants are entitled to the relief from waste. 31 Beav. 486; 3 Atk. 751; 3 Peere Wins., 266; 9 Jurist (N. S.) 1022.

The decree should be affirmed as to the estate granted and the injunction should be made perpetual.

*Anthony Hall,* for appellees.

1. The court properly construed the deed. No permanent injunction should be granted nor should treble damages be assessed. Kirby's Digest, § 7978; 58 Ark. 303; 5 *Id.* 21. The decree should be reversed and the cause dismissed.

### STATEMENT BY THE COURT.

This suit was instituted by the bodily heirs of one Eudora Fort Kiblinger, as plaintiffs, against B. P. Henson and others, as defendants. The purpose of the suit was to obtain a permanent injunction to restrain the commission of waste on a certain tract of land in Logan County which the plaintiffs alleged they owned in fee under a deed which (omitting unnecessary portions) recited as follows:

"That we, William H. Fort, of Logan County, State of Arkansas, and Nancy A. Fort, his wife, for and in consideration of the sum of two thousand and six hundred dollars, to us paid by Eudora Fort, of the said county and State, do hereby grant, bargain, sell and convey unto the said Eudora Fort, and unto the heirs of her body, the following lands (describing them).

"But it is of the essence and validity of this conveyance that the said grantee herein, and the heirs of her body, shall hold title to said lands, and if the grantee, Eudora Fort, shall die without children of her body living. or descendants of such children, then the said lands shall

revert back and descend to such persons as the law casts the descent of property of persons dying without children or descendants of children.

"To have and to hold the same unto the said Eudora Fort, and unto the heirs of her body forever, subject to the above limitations relative to defect of children or descendants of children, with all and singular the appurtenances thereunto belonging, and we hereby covenant to and with the said Eudora Fort and the heirs of her body, that we will forever warrant and defend the title to said lands against all lawful claims whatever."

Eudora Fort married N. B. Kiblinger, and she and her husband mortgaged the land above conveyed to Maud and James M. Swilling to secure a loan. Default was made in the payment, the mortgage was foreclosed, and the land sold to James M. Swilling, and, after various conveyances, passed to the appellants. Eudora Fort Kiblinger is still living.

The cause was heard on demurrer to the complaint, and the trial court overruled the demurrer and held that plaintiffs, the bodily heirs of Eudora Fort Kiblinger, were the owners of the fee, and entered a decree accordingly, from which an appeal is prosecuted to this court.

WOOD, J., (after stating the facts). The only question necessary for us to determine is whether or not the court erred in holding that the effect of the deed was to convey only a life estate to the grantee, Eudora Fort, and that her children were the owners in fee.

In the case of *Hardage* v. *Stroope*, 58 Ark. 303, one J. L. Stroope and wife conveyed certain land to Tennessee M. Carroll, "to have and to hold the said lands unto the said Tennessee M. Carroll for and during her natural life, and then to the heirs of her body, in fee simple; and if, at her death, there are no heirs of her body to take the said land, then, in that case, to be divided and distributed according to the laws for descent and distribution in this State."

Construing the above deed, the court, among other things, said: "It is obvious that the deed to Mrs. Carroll created in her no estate entail. Her grantor reserved no estate or interest, nor granted any remainder, after a certain line of heirs shall become extinct, but conveyed the land to her to hold during her life, and then to the heirs of her body in fee simple. No remainder vested in her children." And the court held that under the rule in *Shelly's* case the effect of the deed was to vest in Mrs. Carroll, the grantee, an estate of inheritance, and that she became seized of the land in fee simple.

The use of the word "forever" in the present deed has the same effect as did the words "in fee simple" in the deed of Stroope to Mrs. Carroll. The use of the words "revert back and descend," etc., did not differentiate the deed under consideration in the present case from the deed construed in the case of *Hardage* v. *Stroope*. As we construe the deed, it does not convey a life estate to Eudora Fort (now Kiblinger), with the remainder to the heirs of her body. The language does not justify such a construction. But the effect of the deed was to convey to Eudora Fort the fee.

The bodily heirs of Eudora Fort Kiblinger contend that it was the intention of the grantor that in the event his daughter, Eudora Fort, died without children, that the lands would revert back to the grantor, under the clause, "and if the grantee, Eudora Fort, shall die without children of her body living, or descendants of such children, then the said lands shall revert back and descend to such persons as the law casts the descent of property of persons dying without children or descendants of children." The effect of this clause is precisely the same as was the following language in the habendum clause in the case of *Hardage* v. *Stroope, supra;* "and if at her death there are no heirs of her body to take the said land, then and in that case to be divided and distributed according to the laws of descent and distribution in this State." As already

observed, we construed this clause, under the rule in *Shelly's* case, as a limitation to the heirs generally.

The language of the deed, as we construe it, brings it within the doctrine of *Hardage* v. *Stroope,* rather than the doctrine of *Horsley* v. *Hilburn,* 44 Ark. 458, *Wilmans* v. *Robinson,* 67 Ark. 517, and other cases following those, which the trial court erroneously applied to the present case.

It follows that Mrs. Eudora Fort Kiblinger had the right to convey the fee in the land in trust to secure the payment of her debt to Swilling, and hence her children, the heirs of her body, had no cause of action against those holding under title derived from that source.

The decree is therefore reversed and the cause is remanded with directions to sustain the demurrer to the complaint, and to dismiss same because it does not state a cause of action.