STEELE *v.* RURAL SPECIAL SCHOOL DISTRICT No. 15.

Opinion delivered October 7, 1929.

38

*George Steel, Will Steel, Reed & Beard* and *Chas. W. Mehaffy,* for appellant.

*Chas. A. Walls,* for appellee.

KIRBY, J., (after stating the facts). The undisputed testimony shows that after improvements were made and the school established on the ground in controversy, several school districts were consolidated in 1924, and a larger schoolhouse, centrally located, was erected, containing four rooms, and adequate to the needs of the district; only three of the rooms of the new building being occupied for school purposes, and a teacher living in the fourth. The school that had been held in the house in controversy was moved on the 1st of January, 1925, to the new building in the consolidated district, the old building remaining vacant from January, 1925, until the summer of 1926, when appellant, after serving notice on the district, re-entered the premises and boarded up the old building, which was in a very bad condition, it being necessary to repair it in order to prevent its total destruction. No objection was made by the district when appellant took possession of the premises, which remained boarded up in the condition as already said until the summer of 1926, nor anything done before or afterwards indicating a waiver of his right, at which time extensive repairs were made on the building by appellant, and his tenant placed therein. Thereafter the president of the school board suggested that appellant should pay the board something for the building, and appellant stated

that this was the first intimation that he had that appellee had expected to claim any pay ffor the building. The insurance on the building had been allowed to lapse by the district, and it was in a very dilapidated condition when appellant gave notice that he would take possession, some of the posts of the gallery having fallen down, and the roof was sagged down, the window casings broken around, and all the blackboards had been detached from the walls and removed along with all the school apparatus and equipment to some of the other school buildings.

The directors testified, Dr. Bowers, chairman of the board, stating that it would have cost more to repair the building than it was worth, and it would not take care of the pupils in the district, ''so the board conceived the idea of abandoning this building and building a larger one near the center of the district. * * * We consolidated the district, and decided to build a larger schoolhouse near the center of the district, and after the new building was completed we moved into it.'' He admitted that the insurance had been allowed to lapse, and no other insurance taken out, that the building was in bad repair, and no school had been held in it for 18 months, as already stated, but said the board had not taken any official action in abandoning the site for school purposes, and, over objection, that he had in mind, when they quit holding school in/ that building and consolidated the schools in the new building, that they might use it again, ''but the board never had any definite plan for using the Steel building. We had no use for it, and that is why we did not keep it up. We conceived the idea of using the building later. We moved all the school supplies to the negro school. We thought several months thereafter we might have some use for it.''

Another director stated that they intended to keep the Steel building for church purposes, if it was needed, but that he never knew of any church services being held there, and that the school board had not authorized or permitted the holding of any; that no effort had been

made to use the building since January, 1925, and the board had no idea of using the building in January, 1927.

The court refused to give a peremptory instruction in appellant's favor, and gave and refused other instructions that were objected to.

Appellant contends that the court erred in not directing the verdict in his favor, and, after a careful examination of the testimony, we have concluded that the contention must be sustained. It was not necessary to show official action by the board declaring the property abandoned to prove abandonment. This was done by the undisputed evidence showing the school was moved out, and no longer held on the premises after the district was consolidated, and the new and more commodious and centrally located schoolhouse was erected, and all of the school apparatus and equipment removed from this building to the negro school. The insurance policy too was allowed to lapse, and the house left so long unoccupied as to fall into such disrepair that it could not be used for any purpose without expensive repairs being made; nor was objection from the school board made upon appellant's giving notice that he would resume possession because of abandonment of the premises until more than six months after he had done so and boarded up the dilapidated old building, and finally completed the improvements thereon.

It is undisputed that he took possession of the building after he had notified the school board that he would do so, claiming it to have been abandoned, and a reversion thereof to himself under the express terms of his grant. This completed a vestiture of the title in him which cannot have been divested or affected by notice from a member of the school board six months thereafter, when the extensive repairs were about completed, that he might have trouble with the board for resuming possession. *St. L. S. W. Ry. Co.* v. *Curtis,* 113 Ark. 92, 167 S. W. 489; *Terry* v. *Taylor,* 143 Ark. 209, 229 S. W. 42.

The court does not therefore find it necessary to pass upon any other of the questions raised, and does not do so. For the error in refusing to give the peremptory instruction the judgment must be reversed, and, the case appearing to have been fully developed, will be remanded with directions to enter judgment in favor of appellant, and dismiss appellee's cause of action. It is so ordered.

MEHAFFY, J., disqualified, and not participating.