LUTHER *v.* PATMAN.

4-5993                                                  141 S. W. 2d 42

Opinion delivered June 10, 1940.

*Culbert L. Pearce,* for appellant.

*Yingling & Yingling,* for appellee.

HUMPHREYS, J. Appellees brought suit in the chancery court of Cleburne county on July 25, 1939, to obtain a judgment against I. N. Mitchell and J. C. Mitchell, her husband, for a balance due on a note executed by them to appellees on January 13, 1925, and due December 31, 1925, bearing interest at the rate of 10 per cent. per annum until paid, alleging that the balance due thereon, after allowing credits for payments, was $787.43, and to foreclose a mortgage given the same day by them to appellees to secure the note on one hundred and four acres of land in said county particularly described by metes and bounds. There is no question as to the correct description of the lands and we deem it unnecessary to the issues involved to set the lengthy description out in this opinion.

It was alleged in the complaint that payments were made and credited on the note as follows:

"November 16, 1926,     $ 40.00
November 15, 1927,      40.00
January 20, 1931,       10.00
November 21, 1934,      10.00
February 5, 1937,      174.09
May 24, 1938,           36.00
          Total        $310.09"

The prayer of the complaint was for judgment on the note in the sum of $787.43, interest and costs and for foreclosure of the mortgage lien and for an order of sale of the land to satisfy the indebtedness.

An intervention, answer and cross-complaint of the widow and heirs of J. B. Luther, deceased, except I. N. Mitchell, was filed in which they denied the execution of the note and mortgage set out in the complaint and alleged that:

"On January 1, 1913, and prior thereto, the said J. B. Luther was fee simple owner and in possession of the land described in the complaint and, on said day, he conveyed the same by deed to defendant Icy N. Mitchell, his daughter. In said deed, it is expressly provided that if she should ever sell or attempt to sell said land, it shall revert to and become the property of the estate of the grantor, but, otherwise, it shall pass at her death to bodily heirs. Said deed is recorded in Book 30, page 589 of the Records of Deeds in the Recorder's office of Cleburne county and specific reference is hereby made to its provisions and limitations. If the court finds that defendant, Icy N. Mitchell, did convey said land by deed of trust to plaintiff, J. C. Shetter, trustee, to secure an indebtedness due plaintiffs, W. C. Patman, R. B. Gray and J. A. Gray, and that said conveyance is valid and effective at this time and that plaintiffs are entitled to foreclosure thereon, then and in that event, and by reason thereof, defendants will have forfeited all title and rights they have, or may have in and to said land and under the terms and provisions of said deed, a forfeituure should be declared and said land should revert to and become the property of the estate of the said J. B. Luther,

deceased, and, if the court so finds, it should order said lands partitioned or cause the same to be sold in partition and distribute the proceeds among the interveners, as their rights appear. Said deed of trust was executed without the knowledge and consent of interveners and therefore is not, and has never been a valid lien on said land, in so far as their rights are concerned, but, if it was, it is now barred by statutes of limitation and interveners so plead.

"The prayer is that the complaint be dismissed for want of equity, in so far as their rights are affected; that title to said land be divested out of the defendants and be vested in them and, finally, that they be granted all other and proper equitable relief, both special and general."

The defendants, I. N. Mitchell and J. C. Mitchell, her husband, answered as follows:

"Answering the complaint, defendants admit the execution of the note and mortgage sued on, but plead that the mortgage is barred by statutes of limitation.

"Answering the intervention, defendants admit that the title of defendant I. N. Mitchell rests upon the deed executed to her by J. B. Luther and M. P. Luther, her father and mother, dated January 1, 1913, which is exhibited to the intervention, but plead that her act in executing said deed of trust or mortgage does not deprive her of title."

The prayer of the answer is that the complaint and the intervention be dismissed for want of equity.

The mortgage or deed of trust was executed by I. N. Mitchell to J. C. Shetter, as trustee for appellees, on the 21st day of January, 1925, and was filed for record and duly recorded on the second day of February, 1925. The mortgage was made an exhibit to the complaint and was introduced in the testimony and the material conditions recited therein are as follows:

"The conditions of this deed are such that in case the said party of the first part, or either of them, shall

well and truly pay the said indebtedness at the time the same falls due, then this deed is to be void; but in case the said indebtedness shall not then be paid, the said party of the second part is authorized and empowered to take said property into his immediate possession, and on giving ten days' notice by publication on the court house door in the county of Cleburne, or some other place of publicity near the property, may and shall sell said property (at either public or private sale, and at such time and place as he may designate) for cash in hand, and with the proceeds arising from said sale pay off the said indebtedness; and after deducting 5 per cent. commission for selling, and all costs attending the execution of this trust, turn residue over, if any there be, to the said party of the first part.''.

The warranty deed from J. B. Luther and M. P. Luther, his wife, was executed on the first day of January, 1913, and after being acknowledged was filed for record on March 25. 1913, in the recorder's office of Cleburne county and duly recorded in Book 30, p. 589, in the Records of Deeds. The deed was introduced in evidence and, omitting the lengthy description about which there is no dispute, is as follows:

''Know All Men by These Presents: That we, J. B. Luther and M. P. Luther, his wife, of Quitman, Arkansas, for and in consideration of the sum of One Dollar, cash in hand and the love we bear to our daughter, I. N. Mitchell, and the further consideration and agreement on her part that she will keep the same during her natural life, do hereby grant, give and bequeath and forever quitclaim unto the said I. N. Mitchell and unto her bodily heirs, the following lands in Cleburne county, Arkansas, to-wit:

'' (Here follows a description of the lands.)

''To have and to hold the same unto the said I. N. Mitchell, and unto her bodily heirs forever, with all appurtenances thereunto belonging, conditioned that she shall retain the same during her natural life and an offer on her part during her life time to sell the said

lands shall forfeit this conveyance and the said lands shall thereupon revert to the estate of the said grantor.

"And we hereby covenant with I. N. Mitchell that we will forever warrant and·defend the title to said lands against all lawful claims whatever.

"And I, M. P. Luther, wife of the said J. B. Luther, for and in consideration of the above sum of money and other good and valuable considerations as herein set out, do hereby release and relinquish unto the said I. N. Mitchell all my right of dower in and to said land.

"Witness our hands and seals on this the 1st day of January, 1913.

"J. B. Luther

"M. P. Luther."

So far as the record reflects no attempt was ever made by appellees to collect the debt and enforce the mortgage lien until this suit was brought on July 25, 1939. During this period of time, I. N. Mitchell remained in possession of the land and is still in possession thereof unless she has been ousted under the foreclosure proceedings. The record reflects that J. B. Luther died in 1930 without having attempted in his lifetime to recover the possession of the land conveyed by him and his wife to his daughter, I. N. Mitchell. The record shows that payments were made upon the note at the times and in the amounts alleged in the complaint, but that payments or credits were never entered upon the margin of the record where the mortgage is recorded. Two of the appellees testified that a short time after the mortgage was executed by Mrs. I. N. Mitchell, J. L. Luther, one of the interveners, approached them on the streets of Pangburn and asked them if they were the persons who had taken a mortgage on I. N. Mitchell's land in Cleburne county and that they replied in the affirmative; that J. L. Luther then stated to them that his father, J. B. Luther, had told him the mortgage was no good and that it was their intention to see that appellees would not get the land under the mortgage. J. L. Luther testified that he knew nothing about the mortgage and

that he never approached appellees and made a statement to them concerning it and that his father had never made any statement of that kind to him. The record also reflects that at the time the suit was brought Mrs. I. N. Mitchell was in possession of the land in question.

The matter was submitted to the court upon the pleadings and the evidence adduced with the result that he entered a judgment against I. N. Mitchell and J. C. Mitchell for the sum of $837.49 and declared a lien upon the land in favor of appellees under the mortgage or deed of trust prior and paramount to any claim of them for the interveners and that if said amount was not paid within ninety days the commissioner of the court was ordered to sell the land after advertising same for twenty days in accordance with the law at the front door of the court house of Cleburne county at public vendue to the highest bidder for cash or on a credit of three months and that should the property be purchased by the appellees and on confirmation of the sale they should credit the amount of the bid on the debt and if not sufficient to pay the debt should have execution for the balance and in the event of the confirmation of the sale to appellees that they have a writ of possession for the land.

The defendants and interveners excepted to the finding and decree of the court and prayed an appeal to this court which was granted.

Appellants contend for a reversal of the decree on the ground that under the deed Mrs. I. N. Mitchell acquired a life estate in the real estate subject to be defeated in case she sold the property and that having permitted a foreclosure and decree of sale thereof she forfeited her estate and that it reverted to interveners who are reversioners under the deed and that they are entitled to have a partition of said real estate either in kind or by sale thereof and that the proceeds of the sale be divided between them as their interests may appear. Appellees contend that under the deed Mrs. I. N. Mitchell acquired the title to the land in fee simple and

that they acquired her title under the terms of the mortgage with the right to foreclose their lien on the fee simple title she acquired and that the decree of the court foreclosing same and ordering a sale thereof was correct and should be affirmed.

The first question, therefore, to be determined by this court is whether or not Mrs. I. N. Mitchell acquired a fee simple title under the deed or only a life estate therein subject to be defeated on the sale thereof under the mortgage or deed of trust. We have examined the deed and have concluded that there is no ambiguity therein and that the purport and effect thereof was to vest in Mrs. I. N. Mitchell a life estate on condition that she should keep the property and not sell same. In other words that she acquired a life estate with the subsequent condition that she should not sell same. The purport of the whole deed is to deal with a life estate and we find no intention in it whatever to the effect that the grantor was attempting to or did grant a fee simple title to his daughter. We do not find any conflict between the granting and *habendum* clauses. The only addition in the *habendum* clause not contained in the granting clause was that in case she should sell the property she would forfeit her estate to the grantor. With that one exception the two clauses are exactly alike. We think a restatement of the law found in § 237, 16 American Jurisprudence, at bottom p. 570, is a correct general declaration of the law of the construction of deeds. Said § 237 is as follows:

"The modern and now widely accepted rule to determine the estate conveyed by a deed with inconsistent clauses has for its cardinal principle the proposition that if the intention of the parties is apparent from examination of the deed 'from its four corners' without regard to its technical and formal divisions, it will be given effect even though, in doing so, technical rules of construction will be violated. Under this view the rule that an *habendum* clause creating an estate contradictory or repugnant to that in the granting clause must be rejected

is not a rule of property, but is merely a rule of construction, which will be resorted to only where the court cannot determine which of the clauses was intended to be controlling. The intention of the parties, if it can be ascertained, must control and is to be gathered from the entire instrument, giving proper effect, if it can be done, to each and every part, and considering all the clauses without reference to the place at which they appear in the instrument. The rationale of the doctrine is that where it appears from the whole conveyance and attendant circumstances that the grantor intended the habendum clause to enlarge, restrict, or repugn the conveying clause, the habendum must control, It is, in such case, to be considered as an addendum or proviso to the conveyancing clause, which, by a well-settled rule of construction, must control the conveyancing clause or premises, even to the extent of destroying the effect of the same. This is so, because it is the last expression of the grantor as to the conveyance which must control the preceding expression. In other words, the doctrine which regarded the granting clause, the habendum, and tenendum as separate and independent portions of the same instrument, each with its special function, is becoming obsolete in this country, and a more liberal and enlightened rule of construction obtains, which looks to the whole instrument without reference to formal divisions in order to ascertain the intention of the parties, and does not permit antiquated technicalities to override the plainly expressed intention of the grantor or regard as very material the part of the deed in which such intention is manifested.''

Following and applying that rule to the instant case we have concluded that the deed in question vested a life estate in Mrs. I. N. Mitchell with a subsequent condition that in the event she sold the property the land should forfeit and revert to the estate of her father or his heirs—to his heirs in the instant case because he died in 1930. We are of opinion that the character of sale necessary to forfeit the estate was a complete sale or one that would deprive Mrs. I. N. Mitchell of the right

to continue in the possession thereof. The mere execution of a mortgage on her estate reserving the right in her to pay the debt did not deprive her of the possession of the property. It was only after she failed to pay the debt and a foreclosure proceeding to enforce the debt against the land and oust her from the possession thereof that she could be regarded as having sold same. The only defense Mrs. I. N. Mitchell made to the foreclosure proceeding was that the debt was barred. The debt was not barred when the suit was instituted on account of the payments she had made. These payments had kept the debt alive as against her and her husband. She broke the condition subsequent by failing to pay the debt and by permitting her mortgagees to foreclose under the mortgage which had the effect to oust her from possession of the land. The right of action of the interveners, who were reversioners of the estate in case the condition subsequent was broken, did not accrue until the suit was brought by the mortgagees to oust her from the possession of the land. The mortgage at that time became a completed sale. The statute did not begin to run against the reversioners until the condition subsequent was broken.

The trial court should have found that the deed conveyed a life estate to Mrs. I. N. Mitchell subject to be defeated by a sale thereof under the mortgage she had given on the property and that the land reverted to and became the property of the interveners and based upon that finding should have ordered the lands partitioned, or in the event that a partition could not be had in kind, that the lands be sold in partition and the proceeds distributed among the interveners as their interests appear. Of course this partition of the lands should take into account the dower right of Mrs. M. P. Luther who is an intervener in the case.

It follows that the judgment for the debt against Mrs. I. N. Mitchell and her husband, J. C. Mitchell, is affirmed, but in all other respects the decree is reversed and the cause is remanded with directions to enter a decree in accordance with this opinion.