WILLIAMS *v.* KIRBY SCHOOL DISTRICT No. 32.

4-7379                                    181 S. W. 2d 488

Opinion delivered June 5, 1944.

J. H. *Lookadoo* and *Alfred Featherston*, for appellant.

*Boyd Tackett*, for appellee.

Holt, J. Appellee, Kirby School District No. 32, on August 3, 1943, brought this suit in ejectment to recover possession of a certain school building and the acre of ground upon which it was situated, alleging that appellant, L. W. Williams, unlawfully detained and held possession of said school building and land, and prayed judgment for possession of the land and school building and damages for unlawful detention. Appellee claimed ownership of the property by virtue of a warranty deed from S. S. Gray (widower) to Wheeler Special School District, dated August 5, 1920. Appellant answered with a general denial, alleged ownership of the one-acre tract and school building located thereon by virtue of warranty deed to him from S. S. Gray, dated August 12, 1943. Appellant further alleged that "by virtue of his deed from S. S. Gray, he is owner of the rights in the said property which were owned by S. S. Gray and states that this acre of land was donated to the Wheeler Special School District to be used by said Wheeler School District for school or church purposes and was to revert to the grantor should school and church be discontinued or moved and this defendant states that the school was

moved to Kirby, Arkansas, and that no school has been conducted on this acre of land since March 21, 1942; that Kirby School District has not used said acre of land or the appurtenances thereon for school purposes, or any other purpose since said date and has discontinued the use of said land for said purposes and has moved the school from said land and a great distance from same, thereby bringing into full force and effect the reversion clause in the deed the said S. S. Gray made to the said Wheeler Special School District and vested title to the said land in S. S. Gray, who has in turn vested title in this defendant," and that he, appellant, together with his sons, owned all the land surrounding the one-acre tract. September 20, 1943, appellee filed reply denying that the land and school building was ever to revert to the original owner, S. S. Gray, his heirs or assigns, and denied that the property had been abandoned by appellee for school purposes.

The cause was submitted to the trial court sitting as a jury, which resulted in a finding that appellee, school district, had abandoned the one-acre tract of land in question for school purposes and that title thereto should be quieted in appellant, Williams, but that appellee, school district, had not abandoned the school building, "but was maintaining and keeping said building for the purpose of constructing a teacherage upon the lands of said district at Kirby, Arkansas; that it was the intention of the grantor, S. S. Gray, in the deed of August 5, 1920, that the grantee should have the right to remove the school building upon abandonment of said lands for school purposes," and that appellee should have sixty days within which to remove said school building. From the judgment of the court, awarding the school building to appellee, comes this appeal.

Appellant challenges the correctness of the judgment of the trial court, awarding the school building to appellee with permission to remove said building from the one-acre tract on which it now stands to a point in appellee district, near the Kirby District schoolhouse, to be used as a teacherage.

Wheeler Special School District was consolidated with and made a part of Kirby School District No. 32, appellee, on March 21, 1942, and no school has been conducted in the Wheeler school building since consolidation, and appellee has no intention of conducting any school in the building on this one-acre tract of land, or to use the school building at its present location, in the future. Appellee, Kirby District, is approximately 13 miles distant from the Wheeler District. The school building here in question is of the present value of approximately $500. At the time of consolidation, there were five children of school age enumerated within the Wheeler District, and arrangements were immediately made for these children to attend school at the Center Ridge School District, about two miles from the Wheeler District. The warranty deed from S. S. Gray to the Wheeler Special School District, dated August 5, 1920, contained the following provision: "That I, S. S. Gray (widower), for and in consideration of the sum of donation to Wheeler School District to be used by said Wheeler Special School District for school and church purposes and to revert to me should school and church be discontinued or moved."

Appellant, Williams, and his sons own all the land surrounding the one-acre tract in question here. August 12, 1943, S. S. Gray, by warranty deed, conveyed the property here in question to appellant, and appellant took possession and moved in the school building and is using it as his residence.

The material facts appear not to be in dispute. It is conceded that the trial court correctly found that the one-acre tract of land on which the school building is located had been abandoned by the school district for all school purposes and its ownership reverted to S. S. Gray under the clause in the deed of Gray to the district, *supra*. The question here as to appellee's right to the school building, therefore, turns on the construction to be given the above provision in the Gray deed to the Wheeler District in the light of the facts. We think it clear, from the plain terms of the above provision, that

when the one-acre tract of land ceased to be used for school purposes, then title to this land and the school building thereon was. to revert to S. S. Gray. (The church purpose issue is not involved here.) The words "discontinued or moved" have reference to the discontinuance or removal of the school and not the building, which was erected on the property, in which school was conducted. We think the plain, as well as the intended, meaning of these words is that title to the property should revert to Gray when the school was either discontinued or moved, and both of these events have happened here.

We think it also clear that under the clause in the deed, *supra,* it was contemplated that a house be erected on the one-acre tract, in which school could be conducted. Otherwise, this acre of ground which alone was of very small value could and would be of little or no use to the school district. We find nothing in the Gray deed to the district that would warrant appellee's claim to the school building in question. The rule seems to be well settled that unless otherwise provided in the deed, the school building, when erected on the land, becomes a part of the realty and passes with it.

In 42 Am. Jur., p. 199, § 18, the text writer says: "The general principle of law is that a building permanently fixed to the freehold becomes a part of it, that *prima facie* a house is real estate, belonging to the owner of the land on which it stands."

The provision of the deed, *supra,* created a base, conditional or determinable fee. The text writer in Vol. 26, C. J. S., § 110, p. 400, says: "A base fee, a fee simple determinable, or a fee simple subject to a conditional limitation, a fee with a limitation annexed that upon the happening of some future event or contingency, the estate will automatically terminate and pass by way of possibility of reverter to the grantor, . . . may be created by deed. . . . Such a fee is created by a deed in fee so long as it is used for a specified purpose with a provision that it shall revert to the grantor if such use is discontinued," and in support of the text, there is

cited the case of *Johnson* v. *Lane,* 199 Ark. 740, 135 S. W. 2d 853, and in that case we held: (Quoting headnote 1 from the South Western Reporter) "Where deed conveyed land to a religious organization as a gift for location of a school and provided that if use of land for school purposes ceased the land should revert to grantor, the deed conveyed a 'determinable, base or qualified fee' and land reverted *eo instanti* to grantor when it had ceased to be used for school purposes, and it was not necessary for grantor to re-enter in order to regain title."

In *St. Louis-San Francisco Railway Company* v. *White,* 199 Ark. 56, 132 S. W. 2d 807, we quoted with approval from Tiffany on Real Property, Third Edition, Vol. 1, § 220, as follows: "So, when land is granted for certain purposes, as for a schoolhouse, a church, a public building, or the like, and it is evidently the grantor's intention that it shall be used for such purpose only, and that, on the cessation of such use, the estate shall end, without any re-entry by the grantor, an estate of the kind now under consideration (determinable fee) is created."

We think our holding in the case of *Steele* v. *Rural Special School District No. 15,* 180 Ark. 36, 20 S. W. 2d 316, is controlling here. The holding there is opposed to appellee's contention. The language used in the deed in this Steele case is as follows: "This property to be used for school or church purposes, and in case of its abandonment as a church or school site, title is to revert to the grantor." This language is, in effect, the same as that used in the instant case. In the Steele case, there had been a consolidation of two school districts and no school held in the school building from January, 1925, to the summer of 1926. The school building had been abandoned for school purposes when the grantor in the deed to the school district notified the school board that he was taking possession of the school building under the reverter clause in his deed to the school district. We held: (Headnote 2) "Where a grantor took possession of a school

building under a deed reverting the title to the grantor, in case the property was abandoned as a church or school site, where the undisputed evidence showed an actual abandonment of the building, it was not necessary to show official action by the school board declaring the property abandoned.''

From what we have said, we conclude that appellee had abandoned the land and school building thereon for all school purposes; that the school building, when placed upon the land, became a part of the realty, and therefore reverted with the land to S. S. Gray, under the reverter clause, *supra,* and that the trial court erred in holding otherwise. The judgment is reversed, and the cause remanded with directions to enter a judgment awarding possession and title to the land and school building in question to appellant.

McFADDIN, J., concurring. The trial court found and adjudged that the *land* had reverted to the original grantor. That finding and judgment is final, because there is no cross appeal by the school district. Therefore we are not now concerned with the question of the reversion of the land. The only question to be answered, on this appeal, is, whether the *building* goes with the *land.* I concur in the affirmative answer reached by the majority.

In 22 R. C. L. 59 the rule is stated: ''The general principle of law is that a building permanently fixed to the freehold becomes a part of it, that *prima facie* a house is real estate, belonging to the owner of the land on which it stands. . . . Improvements of a permanent character made on land, and attached thereto, without consent of the owner, by one having no title or interest, become a part of the realty, and vest in the owner of the fee without reimbursement from him. So if a building is erected on land against the will of the landowner, or without his consent, it becomes a part of the realty . . . It has been held, however, that an addition to an existing building becomes the property of the owner of the premises, though erected by his permission, in the absence of any agreement or understanding to the contrary.''

Tested by the above statement, it is clear that the building was a part of the real estate and therefore reverted with the land; and for that reason I concur with the result reached in this case.