COFFELT *v.* DECATUR SCHOOL DISTRICT No. 17.

4-8385                                              208 S. W. 2d 1

Opinion delivered January 26, 1948.

*Jeff Rice* and *Eugene Coffelt,* for appellant.

*Smith & Smith,* for appellee.

SMITH, J.  For his cause of action appellant alleged that James M. Burgin conveyed a one-acre lot to School District No. 45 of Benton county to be used for school purposes, that a school house was built on the lot which was used for school purposes for a number of years, but was later abandoned and ceased to be used for school purposes, and the district was about to remove the school building a distance of about seven miles.  Burgin the grantor in the deed died and his heirs conveyed the lot to appellant who brought this suit to enjoin the district from removing the building, it being alleged that the

title thereto had reverted to the Burgin heirs upon the abandonment of the property for school purposes. A demurrer to the complaint was sustained and the complaint was dismissed, from which order is this appeal.

The question presented for decision is the proper construction of the deed to the school district, that is, whether the deed conveyed the fee title, or was only a conditional grant of the land for a specific purpose. We copy the relevant portions of the deed.

The recent case of *Carter Oil Co.* v. *Weil,* 209 Ark. 653, 192 S. W. 2d 215 received the fullest consideration at our hands and definitely announced that in the construction of deeds and other writings we would be concerned primarily in ascertaining the intention of the parties to the writing; that we would examine such writings from their four corners, all for the purpose of ascertaining what the parties intended by the language which they had employed, and that if such intention clearly appeared effect would be given thereto.

In the case of *Luther* v. *Patman,* 200 Ark. 853, 141 S. W. 2d 42, Justice HUMPHREYS said that rules of construction were not intended to control the interpretation of a writing, but to aid in the interpretation, and would be resorted to only when the correct interpretation was in doubt and that the intention of the parties, if it can be gathered from the instrument in its entirety, must control.

We adhere to this ruling and as the meaning of the language employed in the deed appears clear we have no occasion to discuss the subject of conditions subsequent, nor when they arise, or the effect thereof, or to invoke rules of construction.

There is no conflict here between the language of the granting clause and the *habendum* clause of the deed, but if there were we would still have the authority, and be under the duty to read the instrument in its entirety to ascertain the intention of the parties to the deed. This is definitely decided in the Carter Oil Co. case, *supra.*

In the granting clause the lot is conveyed to the district "forever or as long as used for school purposes"

and the *habendum* clause reads "To have and to hold the same unto the said district No. 45 and unto—his heirs and assigns forever, or as long as used for school purposes."

If the sentence just quoted had ended with the word "forever" we would say there was a conveyance of the fee title, but this is not the end of the sentence. There follows the clause "or as long as used for school purposes." We do not feel authorized to ignore this clause. Certainly it was intended to have some effect, and if any effect is given it we think it means, and can only mean, that the district was to have the use of the lot forever if that use was for school purposes.

In other words there was no intention to convey the fee title, but only to grant a particular or specific use of the property, forever possibly, but forever in the event only that it continued to be used for school purposes and was granted only for the period of time it was so used.

It is argued that the deed should be so construed because it contained no reverter clause. What else was intended by limiting the grant "so long as used for school purposes." If this is not a reverter clause it is meaningless. What else can it be? It does not conflict with the granting clause which granted and conveyed the right to make a special and particular use of the lot. We conclude that the deed conveyed only the right to this use and when that use terminated, as the complaint alleged and the demurrer admits, there was of necessity a reverter although not expressly stated.

A question somewhat similar was presented in the recent case of *Williams* v. *Kirby School District*, 207 Ark. 458, 181 S. W. 2d 488, and we there quoted with approval from Tiffany on Real Property, 3rd Ed. Vol. 1, § 220, as follows: "So when land is granted for certain purposes, as for a schoolhouse, a church, a public building, or the like, and it is evidently the grantor's intention that it shall be used for such purpose only, and that, on the cessation of such use, the estate shall end, without any re-entry by the grantor, an estate of the kind now under consideration (determinable fee) is created."

We conclude that the demurrer to the complaint should not have been sustained, and the decree will be reversed, and the cause will be remanded with directions. to overrule it, and for further proceedings not inconsistent with this opinion.

Justices ROBINS and MILLWEE dissent.