McBRIDE v. CONYERS.

4-8460                                             208 S. W. 2d 1006

Opinion delivered March 8, 1948.

J. J. McCaleb and Chas. F. Cole, for appellant.

R. W. Tucker, for appellee.

ROBINS, J. This appeal requires construction of a deed executed on April 22, 1940, by Ed Winkle and wife,

now deceased, to appellants; Cora Winkle McBride and Susie Winkle Moser, conveying certain lands in Izard county. The chancery court sustained a demurrer to appellants' complaint against appellees, who, with appellants, are all the heirs at law of said Ed Winkle, deceased, in which appellants asked that the title to the lands described in the complaint be quieted in appellants in fee simple. This appeal followed.

The deed in question, with description of lands and acknowledgment omitted, and with portions thereof necessary to a construction thereof italicized, is as follows:

"Know All Men By These Presents:

"That we, Ed Winkle and Fannie Winkle, his wife, for and in consideration of the sum of ($1.00), One Dollar and other good and valuable consideration, in hand paid by Susie Moser and Cora McBride, the receipt whereof is hereby acknowledged, do hereby grant, bargain, sell and convey unto the said Susie Moser and Cora McBride, *with the proviso that it cannot be sold or mortgaged by them or either of them,* and unto their heirs forever, the following lands lying in the County of Izard and State of Arkansas, to-wit:

.  .  .  .  .  .  .  .  .

"*Should either Susie Moser or Cora McBride die leaving no children living their interest or claim in the above described lands to revert to the other heirs of said Ed Winkle.*

"To have and to hold the same unto the said Susie Moser and Cora McBride and unto their heirs forever, with all appurtenances thereunto belonging.

"And we hereby covenant with the said Susie Moser and Cora McBride that we will forever warrant and defend the title to said lands against all claims whatever.

"And I, Fannie Winkle, wife of the said Ed Winkle, for and in consideration of the said sum of money, do hereby release and relinquish unto the said Susie Moser and Cora McBride all my right of dower and homestead in and to said lands.

·"Witness our hands and seals on this 22 day of April, 1940.

"(Signed) Ed Winkle

"(Signed) Fannie Winkle."

It is first argued by appellants that, under our decisions in the case of *Letzkus* v. *Nothwang*, 170 Ark. 403, 279 S. W. 1006, and *First National Bank of Ft. Smith* v. *Graham*, 195 Ark. 586, 113 S. W. 2d 497, the provision in the deed forbidding alienation by the grantees must be held void. A decision as to the validity of this provision would not necessarily be determinative of the question involved herein and we pretermit such decision.

Appellants urge that the provision "should either Susie Moser of Cora McBride die leaving no children living their interest or claim in the above described lands to revert to the other heirs of said Ed Winkle" is similar to a provision in a deed which we held in the case of *Henson* v. *Breeze,* 129 Ark. 155, 195 S. W. 359, to vest a fee simple estate in the grantee. There is a very material difference between the language of the deed in the *Henson* case and that of the deed involved in the case at bar. In the *Henson* case the effect of the provision in the deed therein considered was to vest title, on the death of the grantee, in the *grantee's* heirs. But in the deed herein involved it was provided that on the death of the grantees without bodily heirs the land should go to the heirs of the grantors.

In recent years many of the courts, including this one, have adopted the rule that the intention of the parties, as ascertained from all the language of the deed, rather than the application of hard and fast formulae anciently established, should govern in the construction of the instrument. *Luther* v. *Patman*, 200 Ark. 853, 141 S. W. 2d 42; *Carter Oil Company* v. *Weil*, 209 Ark. 653, 192 S. W. 2d 215; *Coffelt* v. *Decatur School District No. 17, ante,* p. 743, 208 S. W. 2d 1.

Construing the deed involved here, in accordance with this rule, we are impelled to conclude that it was the intention of the grantors, clearly revealed by the

language of their deed, to vest in the grantees a life estate, with fee simple in the children of the grantees, and, in event of failure of such children, the fee to vest in Winkle's heirs at law.

It follows that the decree of the lower court was correct and it is affirmed.