TAYLOR *v.* SCHOOL DISTRICT No. 45 OF SEARCY COUNTY.

4-8693                                    216 S. W. 2d 789

Opinion delivered January 17, 1949.

*N. J. Henley,* for appellant.

*W. F. Reeves,* for appellee.

GEORGE ROSE SMITH, J. In 1889, G. G. Taylor, appellant's grandfather, conveyed to School District No. 10 a small tract of land for its use and benefit ''so long as used for school purposes.'' A schoolhouse was built on the property and was used by District No. 10 until the district was dissolved in 1943 and its territory annexed by appellee. In 1947, the appellant, concluding that appellee had abandoned the land, obtained deeds from other heirs of the original grantor and proceeded to remove the building and sell half the lumber. Appellee brought this suit for an injunction, but the schoolhouse had been razed before trial. The chancellor ordered its restoration or payment of its value.

The effect of the deed was to vest a determinable fee in the district, which would terminate automatically and without the necessity of re-entry if the grantee abandoned its use of the property for school purposes. *Williams* v. *Kirby School Dist. No. 32,* 207 Ark. 458, 181 S. W. 2d 488; Jewell, ''The Distinction Between a Determinable Fee and a Fee Simple upon Condition Subsequent in Arkansas,'' Univ. of Ark. L. S. Bull., May 1, 1946.

·The district's proof of its use of the property from 1943 until 1947 is hardly persuasive. It attempted to show use of the building as a school bus stop during these years, relying on the fact that its contracts with the drivers required them to pick up children at Slicker— the local name for the old district. But the contracts do not uniformly refer to the school building as distin-

guished from the community. The reference seems to have been merely a convenient designation of the bus route. Several drivers testified that the pupils waited on the highway rather than in the building. Occasionally these children took shelter in the schoolhouse on rainy days, but this was on their own initiative and not at the school directors' suggestion.

On the other hand, the evidence showing abandonment is convincingly supported by undisputed facts. After 1943, the appellee no longer insured the property. The building was allowed to fall into disrepair. All the window panes were broken, without replacement. A neighbor used the building for the storage of hay. Finally, four men who were school directors during this period testified that the district did not then claim title to the property or exercise any dominion over it. No incumbent during those years gave evidence to the contrary.

We are convinced that the district did abandon the property in 1943 and later attempted to change its position when two new directors took office in 1947. But since the reverter upon abandonment had already occurred, the appellee's change of mind could not revest the title.

Reversed and dismissed.