VANNDALE SPECIAL SCHOOL DISTRICT No. 6 *v.* FELTNER.

4-8862                                   220 S. W. 2d 131

Opinion delivered May 9, 1949.

*J. L. Shaver,* for appellant.

*Giles Dearing,* for appellee.

HOLT, J. This cause is here on a second appeal. For a more complete statement of the facts, reference is made to our opinion in the former appeal, (Vanndale Special School District No. 6 v. Feltner, 210 Ark. 743, 197 S. W. 2d 731) wherein the judgment was reversed for error in giving a certain instruction and the cause remanded for further proceedings consistent with that opinion.

After certain amendments to appellee's answer and appellant had ''set up an additional title by reason of a deed dated June 27, 1947, from Mary Lee Mann to Vanndale Special School District No. 6,'' the case was, by agreement, submitted to the court, sitting as a jury, on the following stipulated facts: ''Mary Lee Mann was the owner of the following lands in Cross County, Arkansas, to-wit: The west half (W½) of the northeast quarter (NE¼) and the northeast quarter (NE¼) of the northeast quarter (NE¼) of section thirty-one (31) in township nine (9) north and range three (3) east.

''That both the plaintiff and the defendants claim title to the lands and the improvements located thereon here in dispute from the above common grantor.

''That Arthur Mann and Mary Lee Mann conveyed to W. R. Williams, R. G. Isom, W. Harden, School Directors of School District Number 3 in Cross County, Arkansas, on December 18, 1914, certain lands as set forth in said deed, * * * Exhibit 'A' to this stipulation.'' (Deed recorded March 31, 1917).

The land conveyed in the deed was described: ''The following lands lying in the County of Cross and State of Arkansas, to-wit: So long as said land is used for school purposes and no longer. Beginning at a stake on the old Memphis & Batesville Military Road at the northwest corner of the northeast ¼ of the northeast ¼ of section 31, township (9) nine, range (3) three east and running parallel with section line east 70 yards thence south 70 yards; thence west 70 yards to Memphis &

Batesville Military Road; thence north 70 yards with said road to place of beginning containing one acre more or less.''

''That said School District at no time since the execution and delivery of said deed to it ever went into possession of said acre of ground above described, or that it at any time ever used said acre of land for school purposes, or for any other purpose.

''That said school district did shortly after the execution of said deed take possession of a diamond shaped piece of ground containing about one-half an acre and located in the northwest quarter (NW¼) of the northeast quarter (NE¼) of section thirty-one (31) in township nine (9) north, range three (3) east, which was located about a quarter of a mile from the land actually deeded and as described in said Exhibit 'A', and erected thereon the school house there which is now in dispute, and actually maintained and operated a school thereon for about thirty years, when said School District Number 3 was consolidated with Vanndale School District Number 6; that the Plaintiff District, or District Number 3 at no time had a deed from anyone to said diamond shaped tract of land where said school was located. * * *

''On September 20th, 1917, Mary Lee Mann and Husband, Arthur Mann, by their warranty deed conveyed to Jo L. Hutton the following lands, to-wit: The northeast quarter (NE¼) of section thirty-one (31) in township nine (9) north, range three (3) east in Cross County, Arkansas. (Deed recorded). And that the chain of title from the said Jo L. Hutton passed by mesne conveyances to T. E. Lines.

''On January 20th, 1945, T. E. Lines and wife, by their deed, conveyed the said lands to this Defendant, W. D. Feltner, which deed is duly recorded. * * *

''On June 27, 1947, Mary Lee Mann by a quitclaim deed conveyed to Vanndale School District Number 6 the following: 'All my right, title and interest that I may have in and to the property that was used by School

District Number 3 and Vanndale School District Number 6 for school purposes, and located in the northwest quarter of the northeast quarter of section 31 in township 9 north, and in range 3 east.' (Deed recorded July 5, 1947).

"That T. E. Lines is not an heir of Mary Lee Mann.

"That the mandate of the Supreme Court in this cause reversing said case and directing the Court to proceed further is hereby incorporated as a part of the record and a part of the stipulation.

"It is agreed by and between counsel that this cause may now be submitted to the Court upon this stipulation."

The trial court found that M. D. Feltner was the owner and entitled to the possession of the property. The judgment contained this recital: "The plaintiff, Vanndale Special School District No. 6, took the property involved (either oral or written) by the terms of which the title was to revert to the grantor when no longer used for school purposes; that said reversionary right was such an interest in property as could be conveyed under the statutes of the state though not at common law. Mary Lee Mann and her husband by their deed of September 20, 1917, conveyed whatever interest they had in the land in question to Jo L. Hutton and by mesne conveyances the same passed to defendant's grantor, T. E. Lines. The question of the abandonment of the property by the School District was settled at the first trial; that the defendant, W. D. Feltner, is the owner and entitled to the possession of said property."

The effect of our former opinion was to remand the case for further proceedings and to allow Feltner the opportunity to show that he was not a trespasser, but derived title to the school property from his grantor, Lines, and that Lines was either an heir or a grantee of Mary Lee Mann.

The court did not err in permitting him to make this showing.

On the stipulated facts, Mary Lee Mann held possession and title to the land in question until she conveyed it, by warranty deed, to Jo Hutton September 20, 1917. Thereafter, by mesne conveyances, the interest and title of Jo Hutton passed to T. E. Lines, and thence from him to appellee, Feltner.

Mary Lee Mann by deed dated December 19, 1914, conveyed the acre tract to School District No. 3 (appellant's predecessors in title) "so long as said land is used for school purposes and no longer." The effect of this deed was to create a determinable fee in appellant, district. This acre tract has never been used for school purposes by appellant, but a half acre diamond shaped tract, about a quarter of a mile from the one acre tract, was so used.

We said in the very recent case of *Taylor* v. *School District No. 45 of Searcy County,* 214 Ark. 434, 216 S. W. 2d 789, wherein the land had been conveyed to a school district "so long as used for school purposes:" "The effect of the deed was to vest a determinable fee in the district, which would terminate automatically and without the necessity of re-entry if the grantee abandoned its use of the property for school purposes."

The title, therefore, to this one acre tract reverted to Mary Lee Mann, and appellee, Feltner, by mesne conveyances, as indicated, acquired title and should have possession.

As to the one-half acre diamond shaped tract, supra, —appellant has no enforcible interest in this one-half acre tract whatever, according to this record.

The District's claim of title by adverse possession was settled against appellant on the former appeal.

Appellant now says that: "After the decision of this case on April 14, 1947, Mary Lee Mann, the common title holder to both complaining parties, and the person who reserved the reverter in the deed to School District No. 3, and after the jury in the lower Court had found that there was an abandonment for school purposes, quit-claimed her interest in said property to the Vann-

dale School District, the appellants here." (June 27, 1947).

This deed, however, did not affect appellee's title since Mary Lee Mann and her husband on September 20, 1917, conveyed all title and interest in all this land to Jo L. Hutton and by mesne conveyances title had passed to appellee, Feltner, and as indicated, he became the rightful owner and in no sense a trespasser. In short, Mary Lee Mann has nothing to convey and the district acquired nothing by this quitclaim deed.

On the whole case, finding no error, the judgment is affirmed.