**Harry H. SMEDLEY, Appellant,**

v.

**CITY OF WALDRON, Thomas Sawyer, Mayor, Waldron, Arkansas, Appellee.**

No. 83–2222.

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1984.

Decided July 27, 1984.

Rehearing Denied Aug. 21, 1984.

John R. Beasley, Bethell, Callaway, Robertson & Beasley, Fort Smith, Ark., for appellant.

David L. Rush, Walters & Rush, P.A., Greenwood, Ark., for appellee.

Before HEANEY, BRIGHT and JOHN R. GIBSON, Circuit Judges.

PER CURIAM.

In 1940, the City of Waldron, lacking funds to acquire a reservoir site, asked Hannah Smedley to donate land for that purpose. The governing agreement provided in part that:

5. The City of Waldron shall never sell, transfer, convey, lease, rent or otherwise dispose of the lands herein above described to other persons, firms, groups and/or corporations, except successors and/or assigns of itself, and if it attempts to do so, the lands immediately revert to Hannah Smedley and her heirs[.]

In 1977, Harry Smedley (Hannah Smedley's sole heir and devisee) sued unsuccessfully for reconveyance, arguing that the city had abandoned the land. In dismissing the complaint, the district court found that the city had not abandoned the reservoir; rather, it continuously maintained and used it as a reserve water supply.

In 1981, the city leased the oil and gas rights of the deeded land to Texas Oil and Gas Corporation. As a result, Harry Smedley brought this case, alleging that the city's lease of the mineral rights subjacent to the land violated paragraph 5 of the 1940 agreement. For relief, he demanded immediate reconveyance of the land and payment of all monies the city received under the lease. Both parties moved for summary judgment. The district court found that the agreement was an impermissible restraint on alienation and granted the city's motion for summary judgment. We reverse and remand for further proceedings.

Some Arkansas courts have disapproved restraints on alienation. *See, e.g., First National Bank of Fort Smith v. Graham,* 195 Ark. 586, 593, 113 S.W.2d 497 (1938); *Letzkus v. Nothwang,* 170 Ark. 403, 408, 279 S.W. 1006 (1926). The district court erred in failing to distinguish the case at bar from the authority on which it relied regarding the impropriety of restraints on alienation. The district court relied heavily on a student note, Note, *Sligh v. Plair: Right of Entry: An Effective Method of Controlling Land Use?,* 33 Ark.L.Rev. 755 (1980). The note criticized the Arkansas

Supreme Court's decision in *Sligh v. Plair*, 263 Ark. 936, 569 S.W.2d 58 (1978), which held that, in a transaction between private parties, a grantor may not invoke his right of entry for breach of a condition in a deed if he has previously waived that right. Citing a prevailing trend in case law, the writer suggested that the court should instead have invalidated the conveyance as a restraint on alienation. Note, *supra*, at 762 n. 53.

However, the writer's logic and the cases he cites in support of his contention are distinguishable from the case at bar. When the grant is to a governmental unit for a public purpose, Arkansas courts have been reluctant to void the grant as impermissibly restraining alienation if doing so would flout the grantor's intent. One line of Arkansas cases, for example, approved disabling language in grants to localities where the land was to be used for school purposes. *McCrory School Dist. of Woodruff v. Brogden*, 231 Ark. 664, 333 S.W.2d 246, 249–50 (1960); *Vanndale Special School Dist. No. 6 v. Feltner*, 215 Ark. 252, 220 S.W.2d 131, 133 (1949); *Taylor v. School Dist. No. 45 of Searcy County*, 214 Ark. 434, 216 S.W.2d 789 (1949); *Coffelt v. Decatur School Dist. No. 17*, 212 Ark. 743, 208 S.W.2d 1, 2 (1948); *Milner v. New Edinburg School Dist.*, 211 Ark. 337, 200 S.W.2d 319, 322 (1947); *Williams v. Kirby School Dist.*, 207 Ark. 458, 181 S.W.2d 488, 490 (1944); *Steel v. Rural Special School Dist. No. 15*, 180 Ark. 36, 20 S.W.2d 316, 317 (1929). Because summary judgment in favor of the city ignores the public purpose of the grant and defeats the donor's intent, we reverse the district court's judgment.

Having decided that the restraint on alienation here is not impermissible, we remand the case to the district court to resolve the important remaining factual questions. The district court shall determine whether the mineral lease is a violation of the parties' agreement. Because Arkansas courts hold that if the restraint is valid the intent of the donor controls, *Gibson v. Pickett*, 256 Ark. 1035, 512 S.W.2d 532, 535 (1974), the district court shall determine whether the donor intended that the city would lose the land only if the land was not used for a reservoir. Finally, the district court should determine the best means of fulfilling the donor's intent: will her intentions be satisfied merely by awarding her heirs the revenues from the lease, or will the extreme remedy of forfeiture of the reservoir to the heirs be necessary?