PETTIT *v.* STUTTGART NORMAL INSTITUTE.

Opinion delivered February 10, 1900.

1. DEED—REVERSION.—Where a corporation conveyed land on condition that it should be used for educational purposes, and that when not so used it should revert to the stockholders of the corporation, the provision in effect creates a reversion in the corporation, and is valid. (Page 432.)

2. REVERSION—EFFECT OF SALE OF GRANTEE'S INTEREST.—Where a corporation conveyed land for educational purposes, on condition that it should revert to the grantor when not so used, a sale thereof under an execution against the grantees, after the land had reverted, did not convey title as against the corporation. (Page 433.)

Appeal from Arkansas Chancery Court.

JAMES F. ROBINSON, Chancellor.

*W. H. Halliburton* and *Rose, Hemingway & Rose,* for appellants.

A misnomer of parties to a judgment can be taken advantage of only by plea, and is waived if not so called to the court's attention. 1 Freeman, Judg. § 154; 55 Ark. 200; 5 *id.* 234; 6 Ark. 68; 18 How. 409. Appellee, having acquired title through appellant's lessee, is not in a position to contest appellant's title. 49 S. W. 494; 43 Ark. 28; 31 Ark. 472. Appellant had a right to perform the conditions of the deed, and keep the lands. 2 Paine, 545. The burden of proof is on him who seeks a forfeiture for condition broken. 4 Gray, 145; 38 N. H. 127; S. C. 75 Am. Dec. 163; 3 McCrary, 472.

*Jas. A. Gibson,* for appellees.

Upon breach of the condition, the property reverted to appellees. 24 Am. Dec. 296; 3 Col. 82; 67 Me. 198; 66 Ind. 380; 62 Ark. 229. A limitation or personal restraint on the power to sell in a deed is valid. 22 Am. Dec. 458. This court will not reverse upon a technicality as to the form of action, where no useful purpose will be served thereby. 54 Ark. 468.

BATTLE, J.    The Stuttgart Normal Institute, a corporation organized under the laws of Arkansas for the purpose of establishing and maintaining an institution of learning at Stuttgart, in this state, purchased block 96 in the Improvement Company's Addition to that town, and built a house on it, to be used as a college, and furnished it for that purpose.    On the 23d day of November, 1889, "W. M. Price, president, and L. R. Moss, secretary of the Stuttgart Normal Institute," in consideration of the sum of one dollar, and the undertakings of the grantees hereinafter set out, conveyed the said block 96 to W. M. Price, T. H. Leslie, J. H. Hutchinson, J. A. Thompson, J. W. Porter, J. I. Porter, J. H. Whaley, Thomas H. Ware and J. G. Christmas, as trustees of the Stuttgart Institute.    The conveyance contains the following clauses:

"To have and to hold the same unto the said W. M. Price and others, and their successors, trustees of the Stuttgart Institute, in trust that said premises shall be used, kept, and maintained as an institution of learning for the use of its patrons, and under the care and charge of the Methodist Episcopal Church, South, subject to the discipline and usage of said church as from time to time authorized and declared by the General Conference within whose bounds the said premises are situate, except so far as modified and limited by the conditions hereinafter contained and set forth, which are as follows, to-wit:    The said property is conveyed with the condition, first, this conveyance is for strictly educational purposes, and shall be good and valid so long as the grantee shall use the premises for school purposes, and when not so used they shall revert to the stockholders, their heirs and assigns.

"(2).    The Methodist Episcopal Church, South, hereby assumes the financial responsibility of maintaining the school, and relieves the Stuttgart Normal Institute Company from all liability for maintaining the Institute, or for any other expenses or debts assumed or created by the said board of trustees of the Stuttgart Institute, and further undertakes to foster and maintain the said Stuttgart Institute as a first-class school of high order."

The Methodist Episcopal Church, South, took possession

of the block in 1889, and continued to hold possession until December 7, 1892, when it abandoned it, and the grantee in the deed ceased to use it for school purposes. In October, 1891, George C. Jones recovered a judgment in the Arkansas county court of common pleas against William M. Price, Thomas H. Leslie, John H. Hutchinson, John A. Thompson, James W. Porter, Joseph I. Porter, J. F. Whaley, T. H. Ware and T. Y. Christmas, as trustees of the Stuttgart Normal Institute, for $300. An execution was issued on this judgment on the 8th day of May, 1893, and was, on the 12th of that month, levied on block 96, which was sold under the writ on the 17th of June, 1893, and was conveyed to Jones by the sheriff on the 10th of September, 1894. On the 28th of February, 1895, Jones conveyed the block to Mrs. Annie Bell Pettit.

On the 30th of April, 1896, the Stuttgart Normal Institute, claiming to be the owner of the block and in possession of the same, instituted an action against Mrs. Pettit and her husband to set aside the deed from the sheriff to Jones and from Jones to Mrs. Pettit, and to quiet its title. Mrs. Pettit answered, denying that plaintiff was the owner and in possession of the block, and alleging that she was the owner and in the possession of the same.

After hearing the evidence adduced by both parties, the court found that plaintiff was the owner of the block, and was in possession of the same at the commencement of this action, and found that the deed of the sheriff to Jones and the deed of Jones to Mrs. Pettit conveyed no title, and were a cloud upon plaintiff's title, and canceled the same; and defendants appealed.

We think the evidence sustained the findings of the court. Plaintiff conveyed to the trustees of the Stuttgart Institute a qualified or determinable fee in the block in controversy. The deed provides: "The said property is conveyed with the condition, first, this conveyance is for strictly educational purposes, and shall be good and valid so long as the grantee shall use the premises for school purposes; and, when not so used, they shall revert to the stockholders, their heirs and assigns." The grantor attempted to create no remainder, but provided

that, upon the happening of the contingency mentioned, the block should revert. It could not revert to any one except the grantor, the original owner. The deed says, the block "should revert to the stockholders, their heirs and assigns." The component parts were used for the corporation. The legal effect of the provision was to create a reversion in the grantor.

The grantees ceased to use the block for educational purposes—in fact abandoned it; and the Stuttgart Normal Institute resumed possession, and remained in possession at all time afterwards, so far as the evidence discloses. It was the owner of the block, and in possession of it, at the commencement of this action.

The judgment recovered by Jones for $300 did not affect the Stuttgart Normal Institute. It was not indebted to Jones, and was not sued in the action in which the judgment was recovered. It had no trustees. It could not be served with notice by reading or delivering copies of a summons to trustees. The chancery court properly treated the judgment as not affecting the appellee. The deeds executed by the sheriff and Jones consequently conveyed no title.

Decree affirmed.