ST. LOUIS SOUTHWESTERN RAILWAY COMPANY v. CURTIS.
Opinion delivered May 11, 1914.

1. DEEDS—CONDITION SUBSEQUENT—BREACH.—A. deeded land to defendant, the deed reciting that a section house was to be erected on the land, and when the same shall "cease to be used as such (a section house), the title to the land shall revert to" A. *Held*, where the grantee ceased to use the property and a building thereon which it had constructed, as a section house, the title reverted to and vested in A., the grantor, and it was not necessary for A. to take possession of the land in order to effect a forfeiture for failure on the part of defendant to comply with the condition.   (Page 96.)

2. REAL PROPERTY—BUILDING—PART OF THE REALTY.—A. deeded land to defendant, who agreed to erect and maintain a section house thereon, the deed providing that when defendant ceased to use the property as such, that title thereto should revert to A.   *Held*, where defendant abandoned the use of the property as a section house, the title to the land reverted to A., and under the terms of the agreement the house would be held as fixed to the land, and defendant would be liable to A. for the value thereof, after having removed the same from the land.   (Page 97.)

Appeal from Greene Circuit Court, First Division; *J. F. Gautney*, Judge; affirmed.

STATEMENT BY THE COURT.

Appellee alleged that on the 12th of April, 1909, he was the owner of an acre of land in Greene County, which he described, and that on the above date he conveyed the land to appellant by a deed which contained, among others, the following clause: "For and in consideration of the sum of one dollar and the stipulations hereinafter mentioned to me in hand paid by the St. Louis Southwestern Railway Company, the receipt of which is hereby acknowledged, do hereby grant, bargain, sell and convey unto the said St. Louis Southwestern

Railway Company and unto its successors and assigns, the following lands (describing same). This deed is made for the purpose of erecting and maintaining a section house on above described land by the grantee herein and when it shall cease to be used as such the title to the land shall revert to and vest in said S. H. Curtis. To have and to hold the same unto the said St. Louis Southwestern Railway Company, and unto its successors and assigns forever, with all the appurtenances thereunto belonging.'' Then follows a covenant of warranty of title.

The appellee alleged that in accordance with the conveyance the railway company (appellant) entered upon the land and erected a small section house thereon and occupied the same as a section house until the 4th day of March, 1911, when it ceased to keep and occupy the house as a section house, and thereby broke its contract and forfeited the title acquired under the conveyance; that notwithstanding the forfeiture, the appellant held the house until the 27th day of December, 1912, when it vacated the same, and appellee on that day took possession of the property; that on the 30th of December, 1912, the appellant wilfully and unlawfully entered upon the possession of the premises and wilfully, forcibly and unlawfully proceeded to evict the appellee and to remove the above house from the land, to appellee's damage in the sum of $550.

The appellant answered, admitting that it entered upon the property mentioned in the complaint and that it constructed the house thereon, and alleged that the same was constructed by it to remain on the land so long as appellant desired to use the property, but no longer; that it was not intended for a permanent building. It denied that the house, or any part of it, reverted to the appellee. Admitted that it moved the house, but denied that it did so unlawfully, and denied that the plaintiff was damaged in any sum; denied that the value of the house was more than $100.

The case was sent to the jury, and appellee testified that appellant used the building as a section house for a year and a half, when it vacated the same as a section house and rented it to a tenant for other purposes. Appellee gave appellant and its tenant notice to vacate the house. The tenant moved out and afterward rented the property from appellee and moved back in the house.

There was testimony on behalf of the appellee tending to show that the house was worth from three to five hundred dollars. There was testimony on behalf of the appellant tending to show that the house was worth from ninety to one hundred dollars. The house had a rental value of $2.50 per month.

Letters of appellee to appellant's agent were introduced, tending to show that during negotiations between them in regard to a settlement appellee stated that he was willing to pay $40 to appellant for a quitclaim deed by way of settlement.

The court instructed the jury as follows: "The deed conveys the property to defendant for the purpose of maintaining a section house thereon, and provides when it ceases to be used for such purpose the title will revert to plaintiff. It is admitted defendant complied by building the house. When the defendant moved the house the condition of the conveyance was broken and the house being a part of said real estate, reverted to the plaintiff with the land. You are instructed to return a verdict for the plaintiff in such sum as you may find to be a fair market value of the house which was removed from the land, taking into consideration the condition of the house, the place where it was located, and the value of the real property, if you find it has any value, at that place and at that time, at the time of the removal of the house." To the giving of which appellant duly excepted.

The verdict was in favor of the appellee for $200. Judgment was entered against the appellant for that sum, and it has duly prosecuted this appeal.

*Sam H. West* and *J. C. Hawthorne,* for appellant.

1. The deed was an absolute conveyance. The clause providing that the land should revert and vest in the appellee is inconsistent with the granting, habendum and warranty clauses in the deed. 77 Ark. 168.

2. The house having been constructed at Pine Bluff, Arkansas, and moved from there to different points where it was set up and used as a section house, the last place being at the point in question here, the presumption is legally raised that it was never intended by appellant to permanently annex the house to the realty. It was not in fact a fixture to the real estate, and appellant had the right to move it at any time without reference to the title to the real estate. 56 Ark. 55.

The court erred in holding that one in possession of land under a conditional or base fee was liable for waste before the termination of the estate. 95 Ark. 18; 4 Kent (14 ed.) 354; 12 Am. St. Rep. 305; 1 Washburn on Real Prop. (4 ed.) 89; 55 L. R. A. 701.

*Johnson & Burr* and *W. S. Luna,* for appellee.

The language of the deed is clear and unmistakable that when the appellant ceased to use the house as a section house the title to the land should revert to the appellee.

When erected upon the land, the house became a permanent fixture and appellant had no legal right to remove it. 66 Ark. 87.

WOOD, J., (after stating the facts). 1. Appellant contends that the deed in controversy is an absolute conveyance, and relies upon *Bain* v. *Parker,* 77 Ark. 168. In that case the deed was as follows: "The grantors, in consideration of one dollar and the further consideration of the building, equipping and operating a line of railroad, etc., to be completed by January 1, 1899, have granted, bargained, sold and conveyed," etc. In that case we held that the words "to be completed by January 1, 1899," when taken in connection with the other provisions of the deed, did not amount to a condition subsequent. We said: "There are no words indicating that

the estate should be forfeited if the road was not completed at the date named. These words import nothing more than a covenant, which, upon the acceptance of the deed by the grantee, became binding upon him, and for the breach of which the grantor may recover damages suffered thereby, but the deed remains valid.''

The language of the deed under review in that case relied upon as showing a, condition subsequent was entirely different from the clause of the deed now under consideration. In that case the words ''to be completed by January 1, 1899,'' were not conditions upon which the title was forfeited. As was there said, they only amounted to a covenant to do certain things, but there was nothing to indicate that if the things prescribed were not performed the title in the grantee would be forfeited and would revert to the grantor. But here the provision ''when it shall cease to be used as such (section house) the title to the land shall revert,'' expresses a condition subsequent, upon the happening of which the title is to revert to the grantor. The words ''when it (the section house) shall cease to be used as such'' are clearly words expressing a condition, and the words ''the title to the land shall revert to and vest in S. H. Curtis,'' clearly express the intention of the parties to the deed that the title should revert to and vest in the grantor upon the happening of the condition.

Here the undisputed evidence shows that appellant did cease to use the section house as such before it removed the same from the premises, and therefore, under the express terms of the condition, the title reverted to and was vested in the appellee.

The qualified or base fee which the appellant had under the deed terminated upon the breach of the condition subsequent. The evidence shows that the condition subsequent was not complied with, and that the estate reverted before appellant moved the house from the land. Upon a breach of the condition subsequent, *ipso facto* the title reverted and was vested in the appellee, and it was not necessary for the appellee to take possession of the

land in order to effect a forfeiture for failure on the part of the appellant to comply with the condition. See *Moore* v. *Sharpe,* 91 Ark. 407.

The undisputed evidence shows that the appellee did take possession of the land and declare a forfeiture for the condition broken before appellant moved the house.

2. Appellant contends that the house in controversy was not a fixture, and therefore appellant had the right to move the same, without regard to the title to the land. But we are of the opinion that the clearly expressed intention of the parties as gathered from the language of the deed was that the section house should be erected on the land and used as a section house, and this being the very purpose of the deed, the trial court was correct in holding as matter of law, under the language of the instrument, that the section house was a fixture. See *Ozark* v. *Adams,* 73 Ark. 227, and cases cited.

3. The house in controversy being a fixture, the evidence was sufficient to sustain the verdict of the jury as to the value thereof.

The judgment is therefore correct, and it is affirmed.