JOHNSON *v.* LANE.

4-5711                                                     135 S. W. 2d 853

Opinion delivered January 22, 1940.

*Arthur L. Adams, House, Moses & Holmes* and *T. J. Gentry, Jr.,* for appellant.

*Frierson & Frierson,* for appellees.

HUMPHREYS, J. Appellant, R. L. Johnson, obtained a judgment against W. T. Lane, Jr., on August 22, 1932, in a foreclosure proceeding in the chancery court of Craighead county and on August 17, 1937, said judgment was revived in a proceeding for that purpose. Not being able to collect said judgment by execution or other-

wise appellant brought this suit in said court against appellees to cancel a deed executed by W. T. Lane, Jr., and Nell Lane, his wife, who died before the institution of this suit, on June 1, 1920, to the Home Mission Board of the Southern Baptist Convention conveying the following described real estate situated in Craighead county, state of Arkansas, to-wit:

"The southwest quarter of the southwest quarter of section nineteen (19), township fourteen (14) north, range four (4) east, containing forty (40) acres. Also the south half of the south half of the southeast quarter of the southwest quarter of section nineteen (19), township fourteen (14) north, range four (4) east, (except 2 acres east of Main street), containing ten (10) acres," and to subject said real estate to the payment of his judgment.

The deed sought to be canceled was made an exhibit to the complaint and is as follows:

"Know all men by these presents:

"That we, W. T. Lane, Jr., and Nell Lane, his wife, for and in consideration of the matters hereinafter set forth, do hereby grant, bargain, sell and convey unto the Home Mission Board of Southern Baptist Convention and unto its successors and assigns, the following described real property, situated in the Jonesboro district of Craighead county, Arkansas, subject to the reservations and conditions thereinafter set forth, to-wit:

"The southwest quarter of the southwest quarter of section nineteen (19) township (14) north, range four (4) east, containing forty (40) acres. Also the south half of the south half of the southeast quarter of the southwest quarter of section nineteen (19), township fourteen (14) north, range four (4) east, (except 2 acres east of Main street), containing ten (10) acres.

"To Have and to Hold the same unto the said Home Mission Board of Southern Baptist Convention and unto its successors and assigns together with all appurtenances thereunto belonging except such as are hereinafter reserved and excepted.

"And I, Nell Lane, wife of the said W. T. Lane, Jr., for the consideration aforesaid do hereby release and relinquish unto the said Home Mission Board of Southern Baptist Convention all of my right of dower and homestead in and to the said lands.

"The grantor, W. T. Lane, Jr., specially reserves any buildings, fences or other improvements now located upon said property with the right to remove the same at any time within thirty (30) days after the grantee may give notice of a desire to use said property. In making this conveyance grantors herein transfer this property as being of the value of twenty thousand dollars ($20,000) and said property is conveyed as a donation or gift to the Home Mission Board of Southern Baptist Convention as the location for a school or college, which will be erected upon or near the said lands so given and this gift or donation is made with the understanding and agreement that if said school or college be not erected within four (4) years that these lands are to revert to grantor, W. T. Lane, Jr., or to his heirs or assigns.

"It is understood and agreed, however, that as soon as the grantee shall have expended as much as two hundred fifty thousand dollars ($250,000) in the erection of the contemplated improvements upon said grounds or grounds adjacent thereto, then this deed becomes absolute and unconditional so long as the said lands herein mentioned shall be used for the purpose of the aforesaid school or college. It being the intention of the grantor, W. T. Lane, Jr., herein that the grantee may use said property for school purposes or may sell or transfer or assign same to any other organization to be used for such purposes, and title shall remain in the grantee or its assigns so long as a protestant school or college shall be kept or maintained, but said lands, or any part thereof shall not be sold or transferred for any kind of private or individual use, nor for speculative purposes, but if the same shall be sold, or shall cease to be used for school purposes as aforesaid, then the title shall revert to the said W. T. Lane, Jr., or to his

heirs or assigns, but the grantee or its assigns may take or remove any buildings or improvements placed thereon by it or them.

"Given unto our hands on this 1st day of June, 1920.

"W. T. Lane, Jr.,

"Nell Lane."

The deed was properly acknowledged, delivered, and recorded in the ex-officio recorder's office in said county.

It was alleged in the complaint that the grantee, Home Mission Board of the Southern Baptist Convention, did not at any time undertake to convey said described real estate or to transfer any interest therein, but that for some years an association or group of people having no legal organization or incorporation assumed or exercised under the name of Jonesboro Baptist College some proprietary interest in or possession of said described lands and that Dr. G. C. Jernigan, Landrum Newcom and Alfred Carpenter, holding themselves out as trustees, undertook for and on behalf of said alleged Jonesboro Baptist College to pass back to the original grantee, Home Mission Board of the Southern Baptist Convention, any and all rights which may have been claimed, exercised or enjoyed by said Jonesboro Baptist College. It was further alleged in the complaint that the conditions and reservations of said original deed were never complied with for the following reasons:

"First, grantee never has expended as much as $250,000 in the erection of the contemplated improvements on said grounds or grounds adjacent thereto, and therefore, said deed never did become absolute and unconditional so long as said lands were used for school or college.

"Second, said land has ceased to be used for school purposes for a period of three years; that there is no intent, purpose or possibility of said property again being used for school and college purposes within the meaning and purpose expressed in said deed of conveyance, and, therefore, under the terms and provisions

of said deed, the title shall revert to the said W. T. Lane, Jr., or his heirs or assigns.

"Third, said described lands have been offered for sale for purposes other than school purposes as specified and intended under the conditions, limitations, and restrictions of said original deed."

"To this complaint the appellees, W. T. Lane, Jr., and Dr. G. C. Jernigan, Landrum Newcom and Alfred Carpenter, as trustees and executive committee of Jonesboro Baptist College, for their demurrer and answer to the complaint herein respectfully state:

"The complaint does not state facts sufficient to constitute a cause of action against said defendants and appellant has not alleged any ground on which he might exercise any alleged right of re-entry for alleged breach of condition in view of the fact that the complaint does not show that the said W. T. Lane, Jr., ever re-entered or elected to re-enter for breach of any such condition.

"And reserving said demurrer and saving exceptions if it be overruled, said appellees answer as follows:

"Said appellees deny each and every material allegation of the complaint and traverse said allegations as fully as if each paragraph and statement was denied separately."

During the pendency of this suit and after the answer aforesaid had been filed, an amendment was filed to the complaint alleging, in substance, that on or about January 3, 1938, the trustees and executive committee of Jonesboro Baptist College as well as W. T. Lane, Jr., had executed oil leases to the Tennark, Inc., a foreign corporation, but who maintained an office in Jonesboro, Arkansas, through and by Claude B. Sewall and Charles F. Walker, its duly authorized agents, The Tennark, Inc., Claude B. Sewall and Charles F. Walker were made parties defendant and they and the executive committee of Jonesboro Baptist College and W. T. Lane, Jr., filed answers to the amendment to the complaint relative to the purpose for giving these leases, but we deem it unnecessary to set out their pleadings under our construc-

tion of the original deed and the effect thereof. We have concluded under the authority of *Pettit* v. *Stuttgart Normal Institute,* 67 Ark. 430, 55 S. W. 485, that the deed from W. T. Lane, Jr., and wife to the Home Mission Board of the Southern Baptist Convention conveyed a determinable fee in the property. The Home Mission Board of the Southern Baptist Convention was to have this property so long as the school or college was maintained thereon. In the Pettit case the grantor deeded the property involved to the grantees so long as the grantees should use the property for school purposes which are exactly the words used in the deed from W. T. Lane, Jr., and his wife to the Home Mission Board of the Southern Baptist Convention. The use of property in the Pettit case was discontinued for school purposes and this court held that it reverted upon failure to continue the school to the grantor, holding that the effect of the deed was to convey to the trustees of the Stuttgart institution a qualified or determinable fee in the block of land involved. In the instant case the evidence shows that at the time appellant instituted this suit the property conveyed by W. T. Lane, Jr., and his wife to the Home Mission Board of the Southern Baptist Convention had ceased to be used for college or school purposes and the estate acquired by the Home Mission Board of the Southern Baptist Convention being a qualified and determinable fee reverted *eo instanti* to the grantor, W. T. Lane, Jr. We think the effect of the Pettit Case was to rule that when a qualified or determinable fee passed to the grantee upon the failure of the purposes of the grant the property reverted to the grantor. There seems little conflict in the authorities that where a determinable fee is granted upon a contingency or a future event that when the contingency or future event happens the estate is terminated *ipso facto* without any entry or claim by the person to whom the estate reverts:

In *Magness* v. *Kerr*, 121 Ore. 373, 254 Pac. 1012, pp. 1470-1471, A. L. R. 51 it is said "The distinction between an estate upon condition and an estate

with a limitation annexed is clearly recognized by courts and text-writers, and the difference between the two is illustrated in 2 Washburn on Real Property, 5th ed. 458, as follows: 'A grant to A. B., provided she continues unmarried, is an estate upon condition; and if she marries, nobody can take advantage of it to defeat the estate but the grantor or his heirs. But a grant to A. B., so long as she continues unmarried, is a limitation. The moment she marries, the time for which the estate was to be held has expired, and the estate is not technically defeated, but determined.' "

Again it is said in 51 A. L. R. 1473 that: "The distinction between an estate upon condition subsequent and one subject to a conditional limitation (sometimes characterized as 'a condition in law') is that in the case of the former the words creating the condition do not originally limit the term, but merely permit its termination upon the happening of the contingency, while in the case of the latter the words creating it limit the continuation of the estate to the time preceding the happening of the contingency. In other words, the breach of a condition subsequent merely gives the grantor or his heirs the right to secure a revesting of the former estate, so that, if no steps are taken to secure a revesting, the estate granted remains as before, while the happening of the event described by a conditional limitation *ipso facto* determines the estate."

Our conclusion is that since the Home Mission Board of the Southern Baptist Convention acquired a determinable, base or qualified fee the title reverted immediately to W. T. Lane, Jr., when it ceased to use the property for college and school purposes and it was not necessary for W. T. Lane, Jr., to re-enter the property in order to regain the title thereto. It revested in him at once upon the happening of the contingency and became subject to the just claims of his creditors.

The decree of the court is, therefore, reversed and the cause is remanded with directions to the trial court to cancel the deed and by proper orders to sell the land

in question at public vendue to satisfy the judgment of appellant against W. T. Lane, Jr., with costs.