McCULLOUGH *v.* SWIFTON CONSOLIDATED SCHOOL DISTRICT.

4-6444 155 S. W. 2d 353

Opinion delivered November 3, 1941.

*Smith & Judkins,* for appellant.

*Pickens & Pickens,* for appellee.

McHANEY, J. By warranty deed dated June 24, 1922, appellant and his wife conveyed to School District No. 23, Jackson county, Arkansas, one acre of land in a square in the southwest corner of the S. W., S. W., section 3, 14 north, 1 west. Said deed contained this clause: "said property to be used for school purposes only, and should the said District No. 23 of Jackson county, Arkansas, at any time abandon said property, the title thereto shall revert back to Hugh B. McCullough or his legal heirs."

Thereafter, School District No. 23 was consolidated, by proper order of the county court of Jackson county, with appellee district, and the latter became the owner of all the former's property and liable for all its debts. Prior to January 1, 1941, appellee began tearing down the school building located on the acre of land above described, and, on said date, appellant brought this action to enjoin appellee from so doing, and a temporary order was granted. Appellee defended on the ground that it had not abandoned said property for school purposes but that it was about to "tear down said building and build a school building for said defendant district out of the material therein."

Trial resulted in a decree for appellee and this appeal followed.

The undisputed testimony of the directors of appellee district and of its superintendent of schools was that said property had not been abandoned for school purposes, but, on the contrary, they were still using it for said purposes; that it was their purpose to build a waiting station for pupils who came there to meet the school bus to be taken to school at Swifton; that said station was a necessity for that purpose; that this place was the

"turn around" for the bus; that pupils came there from all directions to catch the bus and the old building (the one being torn down) had been used for this purpose since the consolidation. A resolution of the board of appellee was adopted to tear down the old school house, salvage the material, use a part to build a gymnasium and a part to erect a waiting station for the comfort of the children who rode the bus therefrom to the school of appellee.

This evidence clearly shows that said property had not been abandoned for school purposes. Now, the conveyance provided the conditions on which the property would revert to the grantor. It could "be used for school purposes only," and if the district should abandon same at any time, it would revert. If appellant intended to provide in his deed that the property should revert in the event no school was conducted there, or if it should be abandoned as a school, he chose inept language to express his purpose. We think the trial court correctly held that the use to which appellee proposes to put the property is not in violation of the limitations in said deed and that appellee has not abandoned it for school purposes although it has done so as a school.

Appellant cites and relies on *Pettit* v. *Stuttgart Normal Institute,* 67 Ark. 430, 55 S. W. 485; *St. L. S. W. Ry. Co.* v. *Curtis,* 113 Ark. 92, 167 S. W. 489; and *Johnson* v. *Lane,* 199 Ark. 740, 135 S. W. 2d 853. In each case, as in this, the deed conveyed a qualified or determinable fee in the land in controversy. For instance, in the Curtis case, *supra,* the language was: "This deed is made for the purpose of erecting and maintaining a section house on the above described land by the grantee herein, and when it shall cease to be used as such, the title of the land shall revert to and vest in H. S. Curtis." It was there held that the land reverted to the grantor, Curtis, when the property was abandoned as a section house, and correctly so. We think neither of the cited cases is in point here, because there the conditions of the deeds had been violated. Here there has been no violation of the conditions. The property is still used for school purposes and has not been abandoned.

Affirmed.