HOUSTON v. FIRST BAPTIST CHURCH OF CLARKSVILLE.

4-9618                                             242 S. W. 2d 966

Opinion delivered December 3, 1951.

*Linus A. Williams,* for appellant.

*G. O. Patterson, J. H. Brock* and *Hays, Williams & Gardner,* for appellee.

HOLT, J.  Appellee, First Baptist Church, by its trustees, brought this action to quiet alleged title to a small parcel of land in Clarksville, Arkansas, deeded to it by Mrs. S. E. C. Rogers on May 30, 1894.  Mrs. Rogers died many years ago and appellants "are, so far as known," her "sole and only heirs."

The material facts appear not to be in dispute.

The above deed contained the following provisions: "This deed made and executed at the town of Clarksville, Johnson County, Arkansas, on this 30th day of May, 1894, by and between S. E. C. Rogers, of the first part and A. M. Sharyer, T. J. Lax and A. M. McLane, Trustees of the Baptist Church of Clarksville, Arkansas, aforesaid of the second part: WITNESSETH: That the said S. E. C. Rogers, party of the first part, for and in consideration of the sum of five dollars cash in hand paid by the parties of the second part and in further consideration of

694

her desire to promote the upbuilding and welfare of the Baptist Church at Clarksville, hath given, granted, bargained, and sold, and doth hereby give, grant, bargain, sell and convey unto the said A. M. Sharyer, T. J. Lax and A. M. McLane, Trustees of said Church and their successors the following real property situate in said town of Clarksville: Whereon to erect a church edifice, to-wit: (Describing it).

"To have and to hold the same to the use and behalf of the said A. M. Sharyer, T. J. Lax and A. M. McLane, Trustees of the said Baptist Church at Clarksville and their successors, so long as the same may be used by said church for the location of a church edifice or for other church purposes, and no longer, and in the event said church becomes disorganized or fails to use said property for strictly church purposes as above stated, the same to revert to and revert in the said S. E. C. Rogers and her heirs."

It is conceded that appellee erected a church on the deeded land and used it for church purposes for about fifty years, and that it now seeks to sell and dispose of the property and use the proceeds from the sale in procuring property at a more desirable location.

The trial court found that appellee, Church, had good title to the property by virtue of the above deed and should have title thereto quieted and established, and entered a decree accordingly. This appeal followed.

Appellee says: "We shall present appellee's argument on the basis of the intention of the parties and shall not seek to have it declared a fee simple on condition precedent or condition subsequent, nor yet, a determinable fee, arguing merely that the church has long ago fulfilled and satisfied the covenant entered into and the condition imposed by the deed and that the property decribed in the original deed should now be declared the absolute property of the First Baptist Church of Clarksville so that either the property or the proceeds from a sale of the property might be used by that Church in advancing the purpose expressed in the deed of the orig-

inal grantor—that of promoting the up-building and the welfare of the First Baptist Church of Clarksville.''

The decree recited in part: ''The court further finds that in the erection and continuous and present use and maintenance of the church building on said lands for more than fifty years the fee simple title to the land described in said deed is vested in the Plaintiff, First Baptist Church of Clarksville, Arkansas, and that the said church is entitled to have its title thereto quieted against defendants and all other persons as provided by law. * * *

''It is therefore by the Court considered, ordered, adjudged and decreed that the First Baptist Church of Clarksville, Arkansas, and its trustees and their successors in office are the owners in fee simple of the following described land situated in the town of Clarksville, Arkansas, Johnson County, to-wit:

'' 'A lot or parcel of ground described as follows: Beginning at a point ascertained by commencing at a cedar cased post in the center of alley running north from the public square in said town at the southwest corner of the SW¼ of the SE¼ of section 32, in Twp. 10 North, Range 23 West, and running north 48 feet and three inches and thence east ten feet and bounded by line running from that point north sixty feet thence east forty feet, thence south sixty feet and from thence west forty feet to the point of beginning,' and that the title of the plaintiffs, the said land and every part thereof, is confirmed and quieted in said plaintiffs.

''It is further by the Court considered, ordered, adjudged and decreed that any and all rights, claim or interest the defendants or either of them may or might have or claim as heirs at law of S. E. C. Rogers, deceased, are cut off and forever barred.''

The court erred.

When we construe the provisions of the deed here from its four corners, as we must, to determine the inten-

tion of the parties, from the language used, and giving effect to that intention, we hold that a determinable fee estate was created. In other words, there was obviously, we think, no intention to convey title in fee, but only to grant a specific use of the property involved just so long as it was used for church purposes and no longer. When such use ceased, as here, the deed twice directed in no uncertain terms that the property would revert to the grantor or her heirs.

We said in the recent case of *Coffelt* v. *Decatur School District No. 17,* 212 Ark. 743, 208 S. W. 2d 1, in a similar situation: "There was no intention to convey the fee title, but only to grant a particular or specific use of the property, forever possibly, but forever in the event only that it continued to be used for school purposes and was granted only for the period of time it was so used."

We think it would be difficult to employ clearer language than was used in the deed here to express the intention of the parties. In the granting clause, the grantor "doth hereby give, grant, bargain, sell and convey unto the said * * *, Trustees of said Church, and their successors," the property, not forever, but "to have and to hold the same to the use and behalf of the said * * * Trustees * * * and their successors so long as the same may be used by said church, for the location of a church edifice or for other church purposes, and no longer, and in the event said church * * * fails to use said property for strictly church purposes as above stated, the same to revert to, and revert in, the said S. E. C. Rogers and her heirs."

We also said in the Coffelt-Decatur School District case above, quoting with approval from Tiffany on Real Property, 3rd Ed., Vol. 1, § 220 (p. 745): "So when land is granted for certain purposes, as for a schoolhouse, a church, a public building, or the like, and it is evidently the grantor's intention that it shall be used for such purpose only, and that, on the cessation of such use, the estate shall end, without any reëntry by the grantor, an

estate of the kind now under consideration (determinable fee) is created.''

Accordingly, the decree is reversed and the cause remanded with directions to enter a decree consistent with this opinion.