William COLLINS, et al. *v.* The CHURCH OF GOD OF PROPHECY, et al.

90-159                          800 S.W.2d 418

Supreme Court of Arkansas
Opinion delivered December 3, 1990

*Lesly W. Mattingly*; and *Brazil, Clawson & Adlong*, by: *Charles E. Clawson, Jr.*, for appellants.

*William Price Feland*, for appellees.

OTIS H. TURNER, Justice. On August 29, 1944, W.E. Collins executed and delivered to appellee Church of God of Prophecy a warranty deed containing the following clause:

> This transfer or deed is made with the full understanding that should the property fail to be used for the Church of God, [it] is [to] be null and void and property to revert to W.E. Collins or heirs.

The appellee church, desiring to sell the property and relocate, filed this action to cancel the clause in question and to quiet and confirm title in and to the property in the church. The trial court granted to the appellee the relief sought, finding that the appellee holds a fee simple absolute title to the real property. We find that the trial court erred and, accordingly, reverse.

In holding that the conveyance from Collins to the Church of God violated the Rule Against Perpetuities embodied in art. 2, § 19, of the Arkansas Constitution, the trial court, stated:

> [T]he property was clearly granted to the Church, then later a reservation was attempted to be obtained. . . . [T]he reservation was ineffectual, and created an executory interest only.

***

> [T]he courts have looked to the archaic common law rule against perpetuities of a bygone era. Generally, mental gymnastics are used to twist and turn through a maze of rules to a desired result. Perhaps it is time to look to a reasonable application of this constitutional provision. . . . The simple and common sense approach to such grants would be to simply cut the reservations off after the life of the donor. After all, it is not logical to assume that

the grantor intends to tie up the property for generations or centuries. Additionally, most of the gifts have resulted in tax savings. Perhaps, the rule should be that gifts to charitable organizations are absolute and final. This court therefore holds that the reservation clause violates the Arkansas Constitution, and the gift to the Church absolute.

\*\*\*

[T]he interest held by the heirs violates the rule against perpetuities, [Ark. Code Ann. § 1-2-119 (1987)].

Our case law has established, over a period of some 150 years, interpretations and refinements of doctrines concerning future interests created in real property and reversionary interests retained by the grantors of real property. That long process of interpretation and analysis includes resolution of disputes over whether the interest at issue violates the common law and the subsequently adopted constitutional bar against perpetuities. That historic development should not be subject to total annihilation by a sweep of the trial court's pen in characterizing it as "archaic" — even in order to reach what is described as a "simple and common sense approach to such grants."

As early as 1856, this court held that a deed provision reciting that the lot conveyed is "never to be sold or to be used in any other way only for the use of a church" is enforceable and not against public policy. *Grissom* v. *Hill*, 17 Ark. 483 (1856).

The Constitution of Arkansas prohibits "perpetuities" but it does not define or describe them. Instead, the common law is the source of the Rule Against Perpetuities. *See The Duke of Norfolk's Case*, 3 Ch. Cas. 1 (1681). That longstanding rule prohibits the creation of future interests or estates which by possibility may not become vested within a life or lives in being at the time of the effective date of the instrument and 21 years thereafter. *See Otter Creek Development Co.* v. *Friesenhahn*, 295 Ark. 318, 748 S.W.2d 344 (1988).

In *Otter Creek*, we stated that "[t]his Court should rarely overrule an earlier decision when the decision has become a rule of property. (Citations omitted.) Even if we should decide to

overrule a rule of property, we could not do it retroactively, but only give a caveat for the future. (Citation omitted.)" 295 Ark. at 231, 748 S.W.2d at 346. Were we to affirm the trial court's decision in the case now before us, we would be changing the settled rule in Arkansas that a possibility of reverter as retained in this conveyance is treated as an interest retained by the grantor. We consider such an interest as being vested at the time of its retention and therefore not subject to the Rule Against Perpetuities. *See McCrory School Dist. of Woodruff Co.* v. *Brogden*, 231 Ark. 664, 333 S.W.2d 246 (1960); *Houston* v. *First Baptist Church of Clarksville*, 219 Ark. 693, 242 S.W.2d 966 (1951); *Fletcher* v. *Ferrill*, 216 Ark. 583, 227 S.W.2d 449 (1950); *Coffelt* v. *Decatur School Dist. No. 17*, 212 Ark. 743, 208 S.W.2d 1 (1948); *Williams* v. *Kirby School Dist. No. 32*, 207 Ark. 458, 181 S.W.2d 488 (1944); *Johnson* v. *Lane*, 199 Ark. 740, 135 S.W.2d 853 (1940).

The estate conveyed by Mr. Collins to the appellee church amounted to a fee simple determinable with a possibility of reverter *retained* by the grantor, to become again a possessory estate when and if the property ceased to be "used for the Church of God."

In *Houston* v. *First Baptist Church of Clarksville*, real property was conveyed to the church and its successors so long as it was used for the location of "a church edifice or other church purposes." Upon a failure so to use the property, it was to revert to the grantor and his heirs. After 50 years of such use, the church desired to move to another location, sell the property, and apply the proceeds to the purchase of a new lot. The trial court confirmed title in the church, and this court reversed. We held the conveyance to be a fee simple determinable and ruled that a possibility of reverter was retained by the grantor.

Quoting with approval from 1 *Tiffany on Real Property*, 3rd Ed., § 220, p. 745, this court held that when land is granted for certain purposes, as for a schoolhouse, a church, a public building, or the like, and it appears that the grantor intended this use to be for that purpose alone, and, upon cessation of such use, the estate so granted terminated, a determinable fee was created. *Coffelt* v. *Decatur School Dist. No. 17*.

Here the trial court cited as authority three cases, none of

which even remotely support the result. *Fletcher* v. *Ferrill*, involved the devisability by will of a possibility of reverter. In holding that such an interest was one subject to devise by will, this court stated: "[I]t is . . . well settled that the retention by the grantor of a possibility of reverter does not offend the rule against perpetuities, even though the reverter may not take place for an indefinite period in the future." 216 Ark. at 568, 227 S.W.2d at 451.

*McCrory School Dist* v. *Brogden*, cited by the trial court, involved property conveyed to a school district by conveyance containing a reverter clause. The school district discontinued the use of the property as a school but claimed title through adverse possession, along with other theories such as estoppel. Subsequent to the school district's discontinuance of use for school purposes, the interest of the holder of the possibility of reverter was then conveyed. This court, under those circumstances, held that at the time the reversionary interest was transferred, the condition triggering the reverter had already occurred and the interest so transferred, though it had become an executory interest and subject to the doctrine, was not ripe for application of the doctrine of adverse possession.

The last case cited as authority by the trial court is *Otter Creek Development Co.* v. *Friesenhahn*. That case involved the application of the Rule Against Perpetuities to an option to purchase real estate and has no bearing upon the substantive issues presented here.

In summary, the Rule Against Perpetuities is alive, well, and fully applicable to terminate interests where those interests do not vest within 21 years after some life in being at the time of the creation of the instrument. However, the rule has no application to reversionary interests, which *remain* in the transferor and heirs. Such is the interest retained by the transferor in this instance, W.E. Collins and his heirs.

The decree entered in favor of the appellee is therefore reversed, and the cause is remanded for entry of decree consistent with this opinion.