The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, AR 72936
Dear Senator Walters:
This is in response to your request for an opinion on the following questions:
 1. Are there any restrictions on a county library acquiring property for a building site?
 2. Are there any restrictions if there is a contingency on the purchase agreement?
A conclusive answer to your first question would require reference to the particular facts and circumstances surrounding the proposed acquisition. As a general matter, libraries fall within those services and facilities which may be provided through county ordinance. See A.C.A. §14-14-802(b)(2)(B)(V) (1987). The establishment of county libraries is also specifically authorized under A.C.A. § 13-2-401 (1987). While a restriction could conceivably arise through the appropriation process,[1] my research has disclosed no general provision restricting such an acquisition.[2]
It should perhaps be noted in this regard that while A.C.A. § 14-19-102
(1987)[3] might on its face appear to require that "any county building" be located "at the established seat of justice," the Arkansas Supreme Court has construed this requirement as applying only to courthouses, jails and vaults for county records. See Bond v. Kennedy,213 Ark. 758, 212 S.W.2d 336 (1948). According to the court in Bond,
these were the only buildings mentioned in the original 1837 statute; and the reasons for restricting the location of these buildings to the seat of justice are obvious. 213 Ark. at 765.
It may therefore be concluded that § 14-19-102 imposes no restriction with respect to the location of a county library.
In response to your second question, it is my opinion that the answer may depend upon the precise nature of the contingency. If the deed conveys title in fee simple, notwithstanding the contingency, it seems clear that the contingency will be valid. See generally Bond v. Kennedy, supra
(finding, as a factual matter, that good title was conveyed where the stipulated condition did not constitute a reversionary clause). Where, however, the contingency prevents the conveyance of a fee simple title, a question might arise concerning the validity of the contingency.
Section 14-19-102 states that where the "commissioner of public buildings" purchases or receives by donation property for "any county building," he shall take "a good and sufficient deed in fee simple. . . ." As noted above, the requirement in § 14-19-102 that a county building be located at the county seat of justice was construed in Bond, supra, to apply only to courthouses, jails and record vaults. A question may remain, however, regarding the applicability of the fee simple deed requirement. Bond involved the purchase of a building site for a county hospital. Although it rejected the argument that the hospital must be located at the county seat, the court seemed to apply the fee simple title requirement when it concluded that the grantor's option to re-purchase the hospital site was not a reverting clause, and that the deed passed title to the county in fee simple. 213 Ark. at 766-767. The implication is that the county could not take a restricted title.
The case of Jeffries v. State, 212 Ark. 213, 205 S.W.2d 194 (1947) must, however, also be noted. It was contended in that case that the condition subsequent in a deed conveying property for general county purposes was void as against public policy. In rejecting that argument, the court cited to what is now codified as A.C.A. § 14-16-103 (1987),[4] and stated:
 This [A.C.A. § 14-16-103] shows a legislative recognition that a county may acquire property for general county purposes by deed that conveys less than the fee simple title.
212 Ark. at 220.
Of particular significance for purposes of your question is the court's rejection of the applicability of A.C.A. § 14-19-102, supra at n. 3. The court stated: "If the deed in question was for the location of a courthouse or jail on the property . . . then it is clear that Woodruff County in 1928 did not receive a fee simple deed." 212 Ark. at 219. The question arises whether the court would have limited the application of § 14-19-102 to those particular county buildings.
In response to your specific question, it is my opinion that any contingency on the purchase agreement would have to be considered in light of these judicial decisions. While it may reasonably be contended that the fee simple requirement in § 14-19-102 is limited to building sites for courthouses or jails, a conclusive resolution of that issue may require resort to the courts or legislative clarification.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] This office has previously concluded that "county free library funds" under A.C.A. § 13-2-401 to -405 (1987) must be appropriated. See
Op. Att'y Gen. 90-319 (copy enclosed).
[2] The possibility of a restriction via the funding source should also be noted. If, for example, funds for the acquisition are derived from specific taxes, the particular levy must be considered. Reference to the ballot title for the levy would be advisable in that instance.
[3] Arkansas Code Annotated § 14-19-102 states as follows:
 (a) The county court shall designate the place to erect any county building on any land belonging to the county at the established seat of justice of the county.
 (b) If there is no suitable ground for that purpose belonging to the county, the commissioner of public building:
(1) Shall select a proper piece of ground at the seat of justice;
 (2) May purchase or receive by donation a lot of ground for that purpose;
 (3) Shall take a good and sufficient deed in fee simple for the ground to the county; and
 (4) Shall make report of his proceedings to the court at its next term.
 (c) The court shall examine the proceedings of the commissioner, and if the court finds the title to the property so purchased to be good and otherwise approves his proceedings, the court shall state the approval of it on the record and make an order accepting it and directing the payment of the purchase money, if any, out of the county treasury.
[4] Section 14-16-103 states as follows:
 All deeds, grants, and conveyances which are made and duly acknowledged and recorded as are other deeds of conveyance to any county, or to the commissioners of any county, or to any other person, by whatever form of conveyance, for the use and benefit of any county, for all intents and purposes shall be good and valid instruments for vesting in the county, in fee simple or otherwise, all such right, title, interest, and estate as the grantor in any such deed or conveyance had in the lands conveyed at the time of the execution of the instrument and was intended by that means to be conveyed.