The Honorable Shirley Borhauer State Representative 23 Kenilworth Drive Bella Vista, AR 72714-4528
Dear Representative Borhauer:
I am writing in response to your request for my opinion on the following questions:
 1. Can a county take title of land in fee on condition subsequent?
 2. Can a county take title of land if the condition subsequent requires the county, should the land's use as a fire station be terminated or materially modified, to either transfer the land back to the donor at no cost to the donor or to such an organization or organizations exempt from Federal Income Tax under Title 26 of the United States Internal Revenue Code as designated by the donor?
You report the following background facts as having given rise to these questions:
 The POA has been working to secure land for a new fire station in Bella Vista for some time. The County attorney is unwilling to enter into an agreement with a reversionary clause unless he has an Attorney General's Opinion that indicates that such action can withstand a legal challenge.
My inquiries further reveal that the conditional donation of the real property would be from Bella Vista developer Cooper Communities to the county, whereupon the Bella Vista POA would fund construction of the fire station — all subject to a condition that the real property would revert to Cooper Communities in the event the property ever ceased to be used as a fire station.
RESPONSE
In my opinion, the answer to your first question is "yes." I do not believe a county would be precluded from accepting as a gift a fee simple interest in property subject to a condition subsequent with a possibility of reverter. Compare Ark. Op. Att'y Gen. No. 2003-296 (discussing the permissibility of such a purchase by Arkansas State University). Indeed, A.C.A. §14-16-103 (Repl. 1998) expressly authorizes such conditional conveyances. Accordingly, I believe the answer to your second question is likewise "yes."
Question 1: Can a county take title of land in fee on conditionsubsequent?
In my opinion, the mere fact that a land transfer is subject to a condition subsequent will not serve to invalidate the transaction.[1] Section 14-16-103 of the Arkansas Code (Repl. 1998) provides:
 All deeds, grants, and conveyances which are made and duly acknowledged and recorded as are other deeds of conveyance to any county, or to the commissioners of any county, or to any other person, by whatever form of conveyance, for the use and benefit of any county, for all intents and purposes shall be good and valid instruments for vesting in the county, in fee simple or otherwise, all such right, title, interest, and estate as the grantor in any such deed or conveyance had in the lands conveyed at the time of the execution of the instrument and was intended by that means to be conveyed.
(Emphasis added.) As reflected in the highlighted portion of this statute, the legislature has authorized counties to take title to property deeded to them "in fee simple or otherwise," taking only "such right, title, interest, and estate" as the grantor conveyed and intended to convey.
It would clearly appear to fall within the contemplation of this statute that a county might accept by gift a fee simple determinable interest subject to a possibility of reverter. Indeed, this was precisely the upshot of the ruling in Jeffriesv. State ex rel. Woodruff County, 212 Ark. 213, 205 S.W.2d 194
(1947), in which the court invoked language highlighted in the statute above as a basis to conclude that nothing barred the inclusion in a deed of a condition subsequent providing for a reversion of the property to the grantee in the event the property ceased being used for county purposes.[2] InJeffries, the court offered the following summary of the effect of the statutory language highlighted above:
 This is the general statute on county ownership of lands, and the italicized portions clearly show that the county is authorized to take title to land "in fee simple or otherwise"; and that the deed accepted by the county conveys what "was intended thereby to be conveyed." In the case at bar, it is clear that a fee on condition subsequent was intended to be conveyed, rather than a fee simple.
 This 2477 [now A.C.A. § 14-16-103] shows a legislative recognition that a county may acquire property for general county purposes by deed that conveys less than the fee simple title; and this statute — instead of raising an inference that a deed to a county with a condition subsequent is void as against public policy — leads inevitably to the conclusion that the public policy, as declared by the Legislature in the said statute, is to the effect that in general property matters (as distinct from 2395 and 2456),[3] a condition subsequent in a deed to a county is in accordance with public policy and not void as against public policy.
Id. at 219-20. Again, applying these principles, I believe the answer to your specific question is "yes."
Question 2: Can a county take title of land if the conditionsubsequent requires the county, should the land's use as a firestation be terminated or materially modified, to either transferthe land back to the donor at no cost to the donor or to such anorganization or organizations exempt from Federal Income Taxunder Title 26 of the United States Internal Revenue Code asdesignated by the donor?
In my opinion, the answer to this question is "yes." Section14-16-103 of the Code unequivocally authorizes a county to accept property in fee simple subject to a condition subsequent. The arrangement you have described has clear elements of mutual obligation notwithstanding your use of the term "donor" in your question. As I understand this arrangement, Cooper Communities — a developer with a presumed interest in seeing fire protection provided Bella Vista and its environs — would convey the property to the county only subject to the condition that the property be devoted to providing fire protection. Pursuant both to principles of contract law and to the principles of property law set forth at A.C.A. § 14-16-103, I believe the breach of this condition would warrant requiring the property to revert in whatever manner the parties had negotiated in connection with the initial conveyance.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh
[1] As pointed out in Collins v. The Church of God ofProphecy, 304 Ark. 37, 40, 800 S.W.2d 418 (1990), a fee interest determinable is an estate in property pursuant to which the grantor retains a reversionary interest that will be triggered by the grantee's failure to observe a condition subsequent to the conveyance. Compare Bond, County Judge v. Kennedy,213 Ark. 758, 767, 212 S.W.2d 336 (1948) (characterizing a conveyance as in fee simple absolute when contract contained an "optionary clause," as distinct from a "reverting clause," entitling the grantor to repurchase the property for $60 if the property were not used for school purposes). Compare also A.C.A. §14-16-104(a)(2) (Repl. 1998) (expressly authorizing counties to accept conveyances from the federal government containing reversion clauses "in case the real estate ceases to be used for the purposes for which conveyed").
[2] Somewhat curiously, a year after issuing its opinion inJeffries, supra, the court intimated in Bond, supra at 766-67, that a conditional conveyance of property to a county might be precluded by operation of former A.C.A. § 14-19-102, which provided that upon receiving property for "any county building," the commissioner of public buildings should take "a good and sufficient deed in fee simple. . . ." In Jeffries,supra at 219, the court implied that the statute would apply only if the conveyance involved a courthouse or jail on the property; however, in Bond, supra at 766-67, the court verged on extending the requirement to a conveyance involving the construction of a county hospital. In Ark. Op. Att'y Gen. No. 94-323, one of my predecessors questioned the relationship between, on the one hand, A.C.A. § 14-16-103, which appears clearly to authorize the conveyance to a county of a fee simple determinable or a fee simple subject to a condition subsequent, and, on the other, A.C.A. § 14-19-102, which contemplated only a conveyance "in fee simple." In any case, given that A.C.A. §14-19-102 was repealed by Acts 1994 (2nd Ex. Sess.), No. 64, § 3, the question of whether these two statutes might be read as conflicting would appear to be moot.
[3] Since repealed. See n. 2 supra.